[Decided January 31, 1887.]

## J. M. LAMMON v. EZEKIAL GILES.

1. INSOLVENCY — POWER OF COURT — RECEIVER. — When new rights are created by statute, and their administration intrusted to a court having equitable powers, unless the procedure is specifically pointed out by statute and is adequate to their due administration, or was thought to be so by the legislature, such court in administering such rights may call to its aid any or all its inherent equitable rights. Hence in a proper case the District Court may in an insolvency proceeding under the statute appoint a receiver.

2. FEES OF RECEIVER — LIABILITY OF MORTGAGED PROPERTY FOR SUCH FEES. — A receiver may be appointed in proceedings in insolvency at the instance of the insolvent, with power to take possession of property mortgaged by the latter, and in a proper case he will be entitled to recover his fees out of the property in his custody.

3. SAME. — But such receiver should not be appointed where the property in his custody is no more than sufficient to pay the debt secured upon it, and if he be appointed, he will not be allowed his fees out of the fund or property to the prejudice of the mortgagee, unless the latter advised or consented to his appointment, or accepted the benefit of the receivership.

4. PRACTICE — REFERENCE — EVIDENCE. — The appellate court will not consider affidavits as evidence in disputed questions of fact litigated in insolvency proceedings, and similar to the questions involved in this case, but requires the evidence to be taken as provided by section 249 of the Code.

APPEAL from the District Court holding terms at Olympia. Second District.

The receiver of the estate of an insolvent, appointed by the court to take possession of and hold and manage

the property under the direction of the court pending the election of an assignee, petitioned the court for the allowance and payment of his fees out of funds belonging to the estate in the hands of the clerk, and that a mortgage creditor of the insolvent, who by leave of the court had foreclosed his mortgage and purchased at foreclosure sale the mortgaged property to satisfy his judgment, be required to pay into court the amount of his bid, and that the receiver's claim for compensation be declared a lien upon said fund, and be paid to him. After notice to the mortgage creditor requiring him to show cause, etc., the court ordered him to pay into court within a specified time the amount due the receiver. From this order the mortgage creditor appealed. All other material facts appear in the opinion of the court.

*Mr. Joseph W. Robinson,* and *Messrs. Porter & Robinson,* for the Appellant.

The court had no authority to divert the proceeds of the sale of the mortgaged property from satisfying the debt for which the property was ordered sold. The mortgage lien attached to the *proceeds* of the sale with like force and effect as it did to the property itself. (Code, sec. 619; *Mackey* v. *Langley,* 92 U. S. 142; *Wolfe* v. *Lewis,* 19 How. 280; *Olcett* v. *Byrnun,* 17 Wall. 63; *Stewart* v. *Platt,* 101 U. S. 731; Roarer on Judicial Sales, sec. 1318; *Gibson* v. *Warden,* 14 Wall. 244; *Hammond* v. *Solliday,* 9 Pac. Rep. 781.) The receiver of an insolvent's estate has no authority of law to take possession or control of property taken prior to his appointment by and in possession of a sheriff under and by virtue of a writ of attachment issued out of a court of competent jurisdiction. (Code, sec. 179; *Hooper* v. *Winston,* 24 Ill. 353; *Beaston* v. *Farmers' B. of D.,* 12 Pet. 102; High on Receivers, sec. 138; *Batchelder* v. *Putnam,* 20 Am. Rep. 115; *Berryman* v. *Stern,* 14 Nev. 413; Drake on Attachment, secs. 224, 425; *Bagley* v. *Ward,* 37 Cal. 121; *Jackson* v.

*Ramsey*, 15 Am. Dec. 253.) The appointment of a receiver does not divest a prior valid mortgage lien, or injuriously affect the same. The receiver may have control of the property, but subject to the lien of the mortgagee. (Code, sec. 2048; *Hammond* v. *Solliday*, 9 Pac. Rep. 781; High on Receivers, secs. 679, 672, et seq.) The court erred in appointing a receiver in the insolvency proceedings. His appointment was irregular, null, and void. (Code, sec. 2022; High on Receivers, secs. 419, 685; *Baker* v. *Backus's Estate*, 32 Ill. 79.)

*Mr. C. W. Hartman*, for the Appellee.

The appellee filed a brief in support of his motion to dismiss the appeal on technical grounds, but cited no authorities on the merits.

Mr. Justice TURNER delivered the opinion of the court.

On the eighth of August, 1884, one M. W. Willis filed his petition in insolvency in the District Court of the second judicial district at Olympia. The appellant was a creditor of said insolvent in the sum of about two thousand dollars secured by mortgage on a large amount of personal property, which at the time of the commencement of the insolvency proceeding was in the possession of the insolvent. About the same time numerous attachment suits were commenced by unsecured creditors against the insolvent, and this personal property was attached and taken possession of by the sheriff. At this juncture the insolvent applied to the court for the appointment of a receiver to take possession of his property, including that attached by the sheriff, to hold and manage the same and apply it as the court in the insolvency proceeding should direct, which application the court granted. Ezekial Giles, the appellee, was appointed such receiver. The receiver went into possession of the property about August 19, 1884, and continued to hold

and manage the same until some time in December of the same year, and on final report was discharged from his trust and allowed the sum of $460 as compensation for his services. No order was made at the time, as far as we can gather from the record, fixing the source from which this sum was to be derived, but it was probably supposed that the estate of the insolvent would be sufficient, after the claims of secured creditors should have been paid, to pay the receiver's claim. On the twenty-fourth day of November, 1884, the appellant by leave of court commenced proceedings to foreclose his mortgage, and on the eighth day of December following obtained judgment in the foreclosure suit. The order of sale specified, as the property to be sold, the particular property in the hands of the appellee as receiver, and it was provided therein that the mortgagee might become the purchaser. At the sale the mortgagee purchased the property for $820, paid the costs of the clerk and sheriff in the mortgage suit, and caused to be filed with the clerk his receipt in satisfaction of the judgment in the foreclosure suit, and as we gather from the statement of facts, in full satisfaction thereof. It does not appear that the court up to this point in either of the proceedings had considered or made provision for the satisfaction of the receiver's claim. About this time, however, on December 28th, the court on the application of one of the original attaching creditors made an order in the foreclosure suit that the sheriff pay into the registry of the court the proceeds of the mortgage sale. What this was for, or how the attaching creditor obtained any standing in the case to entitled him to such order, does not appear in the statement of facts. The sheriff for return to said order set out in detail what had been received from the purchaser in satisfaction of his bid as hereinbefore stated. Matters rested thus until September 19, 1885, when, it appearing that the estate of the insolvent was insufficient to pay the claim of the receiver by the sum of $375, the

latter filed his petition in the insolvency suit praying that the appellant, as the mortgagee of the property and the purchaser at the mortgage sale, be required to pay into the registry of the court the amount for which said property was struck off to him at the sale, and that the claim of petitioner for compensation as receiver in holding and preserving said property be declared a prior lien on said fund and first paid out of the same.

A rule to show cause why such an order should not be made was served on the appellant, and on the return day he made sworn return setting forth the matters hereinbefore stated, and in addition denied that he had ever consented to the appointment of the receiver, or to the delivery of the property to him. At the hearing on the petition and return, the judge made an order that the appellant pay into court within ten days the sum of $375 out of the proceeds of sale of the mortgaged property, and that the same be applied to the payment of the receiver's claim. The appeal is prosecuted from this order. The statement of facts shows that leave was given the petitioner by the court at the time of making the order to file affidavits denying the matter set forth in Lammon's return, "for the purpose of better protecting his interests, should the rulings of the court ordering Lammon to pay in said sum be taken to the Supreme Court." Under this leave, affidavits were subsequently filed by the appellee controverting the return of the appellant, to the effect that he had never consented to the appointment of the receiver. The appellant, then, without leave (the judge of the court being absent), filed reply affidavits sustaining his return in the particular mentioned. The position is taken by the appellant that the appointment of a receiver in the insolvency proceeding, at the instance of the insolvent, was null and void, and would not confer on the receiver under any circumstances a right to the payment of fees out of the property or fund in his custody.

We do not think this position well taken. When new rights are created and their administration intrusted to a court having equitable powers, unless the method of procedure is specifically pointed out by statute, and is adequate to their due administration, or was thought to be so by the legislature, such court in administering such rights may call to its aid any or all of its inherent equitable powers. It is manifest, after only a cursory examination of chapter 143 of the Code, that any court required to execute its provisions must show largely in its inherent powers, that many equitable rights must be or may be adjudicated under it, and that in fact, the course of procedure so far as there indicated and the relief granted thereunder, partakes more nearly of the nature of a suit in equity than any other procedure known to the law. It is easy to conceive many possible conditions prior to the appointment of an assignee under which the property of the insolvent would be subjected to danger of loss or deterioration other than the malversation of the assignee himself. Under such conditions, not to interfere by the appointment of a receiver, at the instance of any one interested, would defeat the object of the law.

Another objection to the order of the court below is, that the procedure there adopted, and as the result of which the order complained of was made, was one unknown to the law, and gave the court no jurisdiction to make such order. We do not consider this objection of greater force than the one last mentioned. If the court had power to conserve the property of the insolvent, it had power in a proper case to make the cost of its preservation a first lien thereon. And this lien would not be lost by any transmutation of the property from one form to another, nor would the surrender of the property before the declaration of the lien to a third person at his instance deprive the court of power to require said person, by a proceeding in the original suit, such as

that here taken, to restore the property or the fund into which it may have been turned, to the possession of the court, so that it might be subjected to the satisfaction of the prior lien. This is particularly true as to the appellant, who was a secured creditor mentioned in the schedule of the insolvent, and who might be required to come into the insolvency suit at any time by a mere citation to answer concerning the disposition of property in his possession by reason of that relation.

The remaining question relates to the correctness of the order made charging the fund in the hands of the mortgagee with the expense of the receivership. An order appointing a receiver for mortgaged property at the instance of a person other than the mortgagee should be made in any kind of a proceeding without prejudice to the rights of the mortgagee. In such a case, a receiver should not be appointed at all without indisputable evidence that the security is so ample that the costs and charges of the receiver can be paid from the property without diminishing the security, or without provision being made for the payment of such costs and charges from some other source. A court should not direct the performance of services which it may be powerless to compensate, and it is not correct to assume that in all cases a fund in the possession of a receiver can or ought to be charged with the payment of his compensation. A mortgagee of personal property not more than sufficient to pay his debt is the only one who needs to borrow trouble about its preservation. If one interfere with it officiously under the plea that he has rights therein, but inferior to those of the mortgagee, which require the sequestration of the property, he ought to pay all the expenses of such interference if it turns out that the property is insufficient after satisfying the mortgage to do so. Hence the necessity for extreme caution in granting a receiver at the instance of any one other than the mortgagee. Upon the showing offered at the time the

order here complained of was made, we are clear that the appellant should not have been required to pay the costs of the receivership. No attempt had then been made to show that he had advised or consented to the appointment of the receiver, and the court had no right to diminish the security which he had taken by charging against it the expense of a step taken for the benefit of others and at the instance of others. If it be true, however, that he actually advised the appointment of the receiver or accepted the benefit of the receivership, we think he was sufficiently a party to the insolvency suit to justify an order taxing the cost of that step in the case, in whole or in part as justice might require, to the mortgaged property. But the parties did not have an opportunity to litigate that matter below. The learned judge evidently assumed that property in the hands of a receiver was bound in any case for the payment of the receiver's compensation. This view, as we have seen, cannot be maintained. On this appeal we cannot consider evidence not considered by the court below. For this reason we have not referred with particularity to the affidavits for and against the order filed after it was made. Even if these affidavits were here, we would not feel justified in determining the appellant's liability on a consideration of them. On such issues as this arising in an equity cause, the better practice is to refer the matter to a referee to take testimony and report the same to the court, as provided by section 249 of the Code. The rights of all parties will be thus fully preserved at every step of the inquiry, and the court below and this court (if the cause ultimately come here) will be in a position to make an intelligent decision.

The judgment of the court below is reversed, and the cause remanded for a further hearing.

GREENE, C. J., and LANGFORD, J., concurred.