GEYSER MINING COMPANY ET AL., PLAINTIFFS, *v.* BANK OF SALT LAKE ET. AL., · APPELLANTS.. *Frank Knox* and *C. H. Jacobs,* Receivers and Respondents.

RECEIVERS—COMPENSATION—APPOINTMENT OF ATTORNEYS.

1. In fixing the compensation to be allowed receivers and their solicitors, the court should determine from the evidence how much is usually paid to persons possessing the requisite capacity and experience, for like services, under similar responsibilities—what is customary.

2. A creditor or his representative should not be appointed receiver or be allowed to act; nor should an attorney of such creditor or defendant, or of any party whose interest may conflict with other parties, or any of them, be employed by the receivers;

but, if such attorney or receiver serves without objection made to him or to the court, he may be allowed a reasonable compensation.

3. When the appellate court is in doubt as to whether the court below erred in fixing the compensation of a receiver or his solicitors, such finding will be allowed to stand; but, if the amount is clearly too much or not enough, it will reverse.

(No. 831.   Decided Nov. 1, 1897.)

Appeal from the Third district court, Salt Lake county. Ogden Hiles, *Judge..*

Action by the Geyser Mining Company and others against the bank of Salt Lake and others.   Frank Knox and C. H. Jacobs were appointed receivers.   From orders appointing receivers, and other orders fixing their compensation, defendant Bacon appeals.   *Reversed.*

*Moyle, Zane & Costigan,* for appellant.

*C. C. Dey* and *C. S. Varian,* for respondents.

PER CURIAM.

It appears from the record in this case that on June 23, 1896, James H. Bacon, as the owner of the Bank of Salt Lake and the First Bank of Mercur, made a written assignment of all their property to Frank W. Ross; that, two days thereafter, the plaintiffs, by Charles C. Dey, their attorney, filed a complaint, asking for the appointment of a receiver of the property assigned; that, on the 29th day of the same month, M. E. Mulvey and others, by Charles S. Varian, their attorney, sued out attachment writs, and had them levied on the same property, and filed a complaint in intervention pleading the at-

---

MINER, J., did not sit in the hearing nor take any part in the opinion.   The court consisted of but two judges, who sat at the request of the parties to the case.

tachment proceedings, and attacking the assignment on the ground of fraud, and likewise asking for the appointment of a receiver; that, on July 2d of the same year, Frank L. Knox and C. H. Jacobs were appointed receivers, and accepted the trust, with the understanding that the two should receive no more compensation than one should be paid acting alone; and that they immediately appointed C. C. Dey, the plaintiff's attorney, and C. S. Varian, the attorney for the attaching creditors, their solicitors, as such receivers. It further appears that on March 11, 1897, the court made an order allowing the two receivers for their services to March 1, 1897, $3,200, and his two attorneys, $4,000; and, on the 16th day of the same month, made another order, allowing $400 more to the receivers, and $300 more to their solicitors; and, on the 8th day of the following May, made a further order approving the other two. From the two orders first named, and from so much of the last named order as relates to the fixing of the compensation of the receivers and the compensation of their attorneys, the defendant Bacon appealed on the 10th day of the last named month.

Objection is made by the respondents to the consideration of the evidence in the record in determining this appeal. This is an equity case, and the appeal was taken on questions of both law and fact, and within 60 days of the date of all the orders appealed from, and they are such orders as the law deems excepted to. It is therefore our duty to consider the case upon questions of fact as well as upon questions of law, so far as raised by the specifications of error.

The appellant alleges that the court erred in allowing to the receivers (the respondents) $3,600, and that the evidence does not show that they were entitled to any amount exceeding $1,000. This presents the question,

what amount should the court have allowed? According to the understanding when they were appointed, they should have been allowed no more than a reasonable compensation for one had he served alone. They entered upon the discharge of their duties as receivers on July 3, 1896, and continued so to act a few days over eight months. During the first six weeks they gave a considerable portion of their time to the duties of the receivership; after that, but little. They each gave a bond of $50,000. They had the assistance of a competent accountant, and able legal counsel, who were paid out of the estate. They did not abandon their respective employments, and continued to receive their emoluments, Mr. Knox continued to discharge his duties as president of the National Bank of the Republic, for which he received $250 per month. It is true, they received $14,000, and sold the remaining assets to H. H. Rea for $60,000, of which, however, they received in cash only $6,000. The remainder of the $60,000 the purchaser and appellant, Bacon, satisfied by the delivery of Dalton and Lark mining stocks to the respective creditors. Their duties were not very difficult, nor were their responsibilities very great. They were not required to conduct a business; simply to wind it up. In view of the evidence and the facts established, what would be a reasonable compensation for the receivers? The court cannot take the amount arbitrarily fixed and named by any witness; but, from the evidence, the facts, and the inferences they afford, the question is: What would be a customary compensation for similar services performed, under similar circumstances, by a competent man? How much is usually paid to men possessing the requisite capacity and experience, for like services, under similar responsibilities and circumstances? This amount they are en-

titled to. High, Rec. § 783; *French* v. *Gifford*, 31 Iowa 428. We think from the evidence in the record that $3,600 was an excessive allowance, and we are of the opinion that they should receive no more than $1,600. That would be about $200 per month.

It appears from the record that Mr. Varian was the attorney of some of the creditors when employed by the receivers as their solicitor; that, when appellant heard of his employment, he made objections to it to the receivers, but he was continued as such solicitor notwithstanding such objections. Such objections do not appear to have been brought to the attention of Mr. Varian, or to the attention of the court. Undoubtedly, the receivers and their solicitors, like the court, should be impartial as between the parties to the litigation. They represent all of them. A creditor of a party whose property is in the hands of a receiver, or his agent or representative, or a representative of the defendant, should not be appointed as a receiver. Nor should the court permit them to represent conflicting interests, and the same rule should be applied to their attorneys. An attorney of a creditor of a defendant whose property is in the hands of a receiver, or of any party to the suit whose interest may conflict with the other parties, or any of them, should not be employed by the receiver. The general rule is stated in High on Receivers as follows (section 216): "The general rule, however, subject to the limitations to be hereafter noticed, is that the receiver should not employ the counsel of either of the parties to the litigation in which he was appointed; since, their duty being to protect the interests of their respective clients, and to watch the receiver's proceedings, to the end that a faithful performance of his duties may be insured, they are not regarded as competent to act as counsel for the receiver,

and their undertaking to act in such a capacity might frequently cast upon them inconsistent and conflicting duties, which could not properly be discharged by one and the same person." The rule is stated substantially the same in Gluck & Becker, in their work on Receivers of Corporations (section 52): "When a receiver is directed by the court appointing him to employ counsel to assist him in the discharge of his duties, it is the receiver's duty to select independent counsel, rather than one who is acting for either party in the action. This rule is intended to protect the rights of those parties. If, therefore, they make no objection, the receiver may employ the solicitor of either to aid him in the discharge of his trust. A mere stranger to that suit has no right to object that the receiver has employed the solicitor of one of the parties, in the original suit, to institute a new suit against such stranger. And the employment of counsel who have been identified with the legal business of either party to the action, if made in good faith, with the assent of the parties, will escape the censure of the court." *Adams* v. *Woods*, 8 Cal. 306. But, from the fact that the appellant did not make known his objection to Mr. Varian, he might well believe that there was no objection to his acting as one of the solicitors of the receivers. No intimation of bad faith on the part of the solicitor is made, and no ground for such information appears. Under the circumstances, we are disposed to hold that he should receive a reasonable compensation for his services.

Appellant urges, further, that the court erred in allowing to the two solicitors, for their services, $4,300, and that no more than $2,000 should have been given. In fixing the compensation of attorneys and solicitors, the court will take into consideration the opinions of attor-

neys, with the facts upon which they base them, the nature of the business, and the amount attended to, whether much investigation of facts and the law was necessary, the time employed, whether the business required much learning and experience, or otherwise, the length of time occupied in the trial of the cause or causes, and the extent of responsibility,—and, in the light of all the evidence and circumstances of the employment and labor, determine what would be a reasonable compensation. The compensation must be fixed by what is usually paid for similar services rendered under similar circumstances. An attorney or other professional man or person rendering services under any employment, when the amount of compensation is not fixed by contract, has the right to expect that he will receive what is usually paid for such services under similar conditions,—what is customary; and the employer has the right to presume that he will be called upon to pay customary fees or compensation,—what he could have employed other persons for, having the requisite capacity, knowledge and skill. The respondents' employment extended over about eight months, and much of their time was taken during the first two months in the investigations they made, with the assistance of an expert accountant and the receivers. A number of suits were instituted that were not tried. But comparatively little time was occupied in court. No difficult trial appears to have occurred, and the results to the parties to the litigation were moderate. In view of the evidence, we are of the opinion that the allowance of $4,300 was excessive, and that the court should not have allowed more that $3,000.

Respondents claim that the orders of the court below fixing the amount of compensation of the receivers and their solicitors should not be disturbed by this court. As

we have before stated, this appeal was taken on questions of both law and fact, and the orders fixing the amounts of such compensation are assigned as error. We are of the opinion that it is our duty to consider them, and, if we find them to be well assigned, to say so. If we were in doubt as to whether the court below erred in fixing the compensation objected to, we would allow the orders to stand; but as we are of the opinion that the amount was clearly excessive, and that $1,600 for the receivers, and $3,000 for their solicitors, are fair and reasonable, we must so hold. The orders appealed from are reversed, and the court below is directed to enter an order allowing to the receivers, for their own compensation as such, $1,-600, and to them, as compensation for the advice and services of their solicitors, $3,000, to be paid to them.