FRENCH *et al.* v. GIFFORD *et al.*

1. **Receivership; COMPENSATION: COSTS.** The rule that the compensation of a receiver appointed to take charge of the assets and wind up the affairs of a corporation or partnership should be retained from and paid out of the funds coming into his hands, generally applies to those cases where the receiver closes up the business and settles his accounts in pursuance of his appointment, and not to cases where the order appointing the receiver is set aside as improperly made, before such time.

2. —— In the present case the compensation allowed the receiver was reduced one-half, and the rule of the statute respecting the equitable apportionment of costs between the parties applied thereto.

*Appeal from Scott District Court.*

THURSDAY, APRIL 27.

AT the December term, 1870, the opinion of this court was filed in this appeal reversing the orders of the district court appointing a receiver and granting an injunction. An order was then made by this court by which the order appointing James Monroe Parker receiver of the " Davenport Savings Institution " was vacated, and the receiver ordered forthwith to deliver up and return to the officers of the institution — the defendants herein — all the assets, moneys, property, books, and papers of every description which had came into his hands as receiver, without diminution whatever, other or further than the amounts of payment made by him to depositors. Subsequently, and at the same term, this order was so far modified as that the receiver be not required to hand over to defendants any sums theretofore actually paid or disbursed by him for taxes, rents, clerk-hire, etc., and on the 22d day of December, 1871, a further order was made appointing Hon. A. H. Bennett of Davenport, referee, to settle the accounts of the receiver, and to tax the costs connected with

the said receivership, and report the same to this court. The report of the referee was filed in this court, April 4, 1871. In his report the referee has taxed the sum of $6,077.28 as compensation to the receiver for his personal services, as part of the costs in the case.

Counsel for defendants insist that this item as well as the other costs shall be adjudged against the plaintiffs. Plaintiffs' counsel claims that the receiver is entitled to his compensation from the fund. Exceptions are also taken to the amount of compensation allowed.

*Cook & Brunig* and *Bills & Block* for the plaintiffs.

*James T. Lane* and *Putnam & Rogers* for the defendants.

*George Hubbell* for the receiver.

MILLER, J.— The report of the refereee in all respects, except as to the amount of the receiver's compensation, seems to be entirely satisfactory to both parties. At all events no other objection is made thereto.

Two questions are presented for our determination, namely : What sum should be allowed the receiver for his services, and against which party ought they to be adjudged.

I. On the first question we have, after a careful consideration of all the circumstances of the case, come to the conclusion that the amount of compensation allowed the receiver by the referee is too great. While we concede that the receiver should receive a compensation corresponding to the high degree of business capacity, integrity, and responsibility required in cases of this character, and which was secured in the person of the receiver in this case, yet we feel it our duty to allow only such sum as will be such reasonable compensation.

. There can be no reasonable grounds to doubt that the receiver in this case, or some other person possessing equal qualifications, could have been employed by private contract to perform the services rendered in this case for half the amount allowed by the referee.    This, it seems to us, is the fair and reasonable test by which the amount of compensation to be allowed should be determined.   While it may be true that an individual of the required qualifications, if engaged in a lucrative private business, could not be induced to abandon such business for a temporary appointment of this character without extraordinary compensation, yet one of wealth and leisure may readily be found (as in this case), who would undertake the trust for a reasonable and ordinary compensation.   We would not be warranted in allowing extraordinary compensation unless in a case of imperative necessity.

Under all of the facts and circumstances of this case we are of opinion that the sum of $3,000 is a reasonable and fair compensation to the receiver for his personal services.   And that amount will be allowed him.

II. It is insisted by plaintiff's counsel, that the compensation of the receiver should be paid out of the fund of which he had the custody and charge, and that he should be permitted to retain the same therefrom.   Numerous cases have been cited to show that such is the uniform practice.   Upon an examination of these cases it will be found that in every case there was no question made as to the legality or propriety of the appointment of the receiver ; that in each case the receiver closed up the business and settled his accounts in pursuance of his appointment.   The receivership in each case was for the benefit of those interested in the fund, and he was paid therefrom, which is only another method of apportioning the costs upon those entitled to the fund.   The only case which has been brought to our attention, in which the order appointing the receiver was set aside, is the case of *Verplank* v. *The*

*Mercantile Insurance Co.*, 2 Paige, 438, and in that case the chancellor ordered the receiver to turn over all the property, without allowing him any commissions therefrom.

We think it would be an unjust and inequitable rule, if in all cases the receiver should be entitled to his compensation from the fund in his hands, without reference to the legality of his appointment.   Under the operation of such a rule, innocent persons might be made to suffer great loss.

The *general* rule as to costs, both at law and in equity, is that they shall be adjudged to the successful and against the unsuccessful party.   Rev., § 3449.

And they will be so adjudged, unless there exists some equitable consideration to justify a different disposition, or the case is otherwise provided for by law.   In cases like the one under consideration, we may adjudge the costs to one or either of the parties, or apportion them.

In view of all the facts and circumstances, we order that in addition to the other costs and expenses allowed, including clerk hire, rent, taxes, etc., to the receiver out of the fund, as shown by the report of the referee, said fund be charged with one-third of the compensation herein allowed to the receiver, viz., $1,000, and that the other $2,000 be adjudged against the plaintiff.   With these modifications, the report of the referee is

Approved.