GATES A. JOHNSON *vs.* DEWITT C. GARRETT.

May 31, 1877.

Partnership Accounting—Financial Partner Charged with Cash Surplus.—Where, in an accounting between partners, it appears that one of them, during the continuance of the partnership, had immediate charge and control of the firm's books of account, and the exclusive management of its finances, and the custody and control of its money, and the moneys received in the firm business exceed the moneys disbursed in such business, and it does not appear that the excess was applied to the use of the firm and for its benefit, such excess is presumed to remain in the hands of the partner so having the control and custody of the firm money, and he is properly chargeable therewith in the accounting.

Compensation of Receiver, by what Parties to be Paid.—Where the appointment of a receiver benefits all the parties to the action, they ought generally to share the expense equally; and where no reason appears in the facts to justify charging the whole of the receiver's compensation to one of the parties, it is error to so charge it.

Action between partners, brought in the court of common pleas of Ramsey county, for a dissolution of the partnership, an accounting, the appointment of a receiver, etc. Pending the suit, a receiver was appointed, by whom the partnership affairs were wound up.

The action was tried before *Brill*, J., whose findings, so far as objected to, are stated in the opinion, and who ordered judgment for defendant for a balance found due to him from plaintiff. Judgment was entered accordingly, and plaintiff appealed.

*W. K. Gaston*, for appellant.

*Allis & Allis*, for respondent.

GILFILLAN, C. J. The statement of accounts made in its finding by the court, up to the time of appointing the receiver, shows that the capital paid in, and the sales and receipts of the firm, amounted to $119,206.66; the cost for purchases, and the expenses, and amounts drawn out by the partners, to $114,912.27, leaving a balance of $4,294.39. The finding also states, as facts, "that, during the continu-

ance of the said copartnership, the plaintiff, pursuant to agreement, had the immediate charge and control of the books of account of the business of said firm, and that said plaintiff, during said time, had the exclusive management of the finances, and the custody and control of the money of said firm ; that said plaintiff performed his duty in and about the keeping of said books and accounts, as aforesaid, imperfectly and unskilfully, and it is impossible to ascertain from said books, or from any data furnished by the plaintiff, whether all the funds of said firm have been applied to the uses of said firm, and for its benefit.'' The court, as a conclusion from these facts, finds that the plaintiff is chargeable with the deficiency in the balance of $4,294.39, after it is ascertained, from the receiver's accounts, how much of it is for sales on credit — that is, how much of it did not come into plaintiff's hands. This is complained of as error. But we think the court below was right in charging this deficiency against the plaintiff, not, as suggested by counsel, because he kept the books so badly that it cannot be ascertained where the money went, but because, as he had the exclusive management of the finances, and the custody and control of the money of the firm, all money received came into his hands, and what is unaccounted for is presumed to remain in his hands.

From the findings of the court, in the final statement of accounts, what the Fuller note was given for does not very clearly appear ; but we judge from the finding that it represents money coming into plaintiff's hands, not included in the first statement of accounts, or a purchase of coal or other property included in that statement, the amount of which was, in that statement, credited to plaintiff as money paid, when in fact it was not paid, and ought not to have been so credited. In this view, the amount of the note went to increase the deficiency chargeable to him.

The court charged in the account against plaintiff the

whole compensation allowed to the receiver. There are no facts stated in the finding to sustain this. The receiver was appointed for the benefit of both parties, and, we must presume, upon a showing that justified it; and the court, we must presume, allowed him only what his services were worth. These services were of equal benefit to both parties. His appointment relieved each of them from transacting the business he was paid to do. Where the appointment of a receiver benefits equally all the parties, they should, as a general rule, share the expense equally. One-half of the sum so charged to plaintiff, to wit, $250, must be deducted from the judgment.

Other points, made by defendant, question the court's findings of facts in stating the accounts. These we cannot consider, as there is no statement of the case. The judgment must be modified by striking out $250, and the court below will make such modification.