WALTER WESTON and ALFRED J. WESTON, Plaintiffs,
v. JAMES R. WATTS, Defendant and Respondent.

In the Matter of ALEXANDER THAIN, Receiver,
Appellant.

*Appointment of a receiver in an action for an accounting between partners — where
the order is reversed the receiver's fees must be paid by the unsuccessful party and not
from the property.*

In this action, brought by the members of a firm for an accounting, one Alexander
Thain was, upon the application of the plaintiffs, appointed receiver of the
property of the firm. Upon an appeal taken by the defendant from the order
making the appointment the General Term reversed the order and directed
the receiver to turn over to the defendant all the copartnership property which
he held, and to render an account before a referee named in the order of
reversal, who should fix the fees and compensation of the receiver which the
plaintiffs in the action were ordered to pay.

*Held,* that the direction as to the payment of the fees and compensation of the
receiver was proper, as the court could not authorize the receiver to withhold
from the defendant so much of his property as might be required to pay his
costs and expenses,

Appeal by Alexander Thain, receiver, from an order directing
him within five days to assign, transfer and deliver to the defend-
ant, all the copartnership property, stock, chattels, books, vouchers,
accounts, choses in action and effects, received or held by him, or
under his control, by virtue of his appointment as receiver.

*Alexander Thain,* in person, and *James Kearney,* for the
appellant.

*Treadwell Cleveland,* for the defendant, respondent.

Daniels, J.:

The appellant was appointed receiver at the instance and on the
application of the plaintiffs in the action, and under such appoint-
ment he obtained possession of the property now in controversy.
After his appointment an appeal was taken by the defendant from
the order making it, and after the hearing of the appeal the order
appointing the appellant was reversed, and he was directed, as he
has been by the order from which he has now appealed, to transfer

and deliver the property and effects in his hands to the defendant. He was further ordered to file an account of his proceedings before a referee appointed to take and state the same, and his fees and compensation as receiver, were directed to be paid by the plaintiffs in the action. From these facts it becomes evident that the appointment of the appellant as receiver was upon an application adverse to the defendant, and without the authority of the law. And having been made in that manner, there seems to be no legal ground upon which the receiver can be directed to withhold so much of the property from the defendant, as may be required to pay his commissions and expenses, but those expenses should be paid, as they have been directed to be, by the plaintiffs who obtained the appointment. So far as the defendant is concerned the appointment was an unauthorized one, not made for his benefit in any manner, but through which property was taken from his possession by the receiver and withheld from him without any legal authority justifying the proceeding. It was an invasion of his rights, for which there is no law requiring him or his property to pay the expense, but, on the contrary, so far as the law provides for the payment of legal expenses, they are to be defrayed by the unsuccessful party in the litigation. To take a person's property from him by an unauthorized proceeding and place it in the hands of a receiver, and then subject him to the expenses of the proceeding, would be very transparently unjust, even if the courts had the power to do that. Cases are not uncommon where the result would be ruinous to the injured individual. All the property a person may have in trade may, upon an unauthorized application, be taken from him and placed in the hands of a receiver, and after vindicating his right to be relieved from the proceeding, if he should be obliged to bear the expenses of it and compensate the receiver for his commissions and disbursements, or in default of doing so his property should be appropriated to securing that end, he might, under the forms of law, be financially ruined; for that there seems to be, and probably will not be, any authority vested in the courts, for their duty is to right the wrong when its existence may be made to appear and protect the injured party against its consequences; and that can be no otherwise done than by restoring to him the property of which he may have been

divested by the unauthorized interference of the court. As little as that he certainly is entitled to, and the receiver who has acted under the appointment obtained upon the application of the adverse party must look to that party for his fees and compensation. If the court could impose upon the defendant, or the property ordered to be restored to him, the obligation first to pay the receiver, it might with the like reason apply the same principle to every case where one man may be deprived of his property through legal proceedings wrongfully instituted against him by another person. If such a principle is applicable at all it must be a general one, charging the property with the fees of officers where it may have been replevied or taken under an attachment; and the same rule would restrain the discharge of a person in custody under an order of arrest until the fees of the officer should be paid. Such cases would be equally meritorious, in the claims presented as the present case, which in principle cannot be distinguished from these others. It is sufficiently injurious for a person to have his property taken from him, or his person subjected to arrest, without right; and upon no legal principle can the wrong be aggravated in such a manner as to order him to pay the expenses of the proceeding. This was considered in the examination of a claim for costs and expenses under an attachment in *Bowe* v. *United States Reflector Company* (36 Hun, 407), where it was determined that even the legislature could not in this manner subject the property of one person to the expenses illegally created at the instance of another.

The fundamental law of the State will not permit that to be done, for it has been provided by section 6 of article 1 of the Constitution of the State, that no person shall be deprived of life, liberty or property without due process of law. And a legal proceeding by which he may be divested of his property which is unauthorized, and afterwards set aside, cannot be such due process. The law cannot sanction the taking of one man's property, in this manner and subjecting it to the expenses or obligations of another. (*Embury* v. *Conner*, 3 Comst. 511, 517.) Due process of law requires something more than an unauthorized legal proceeding, set aside by the final action of the courts. This subject was examined in *Stuart* v. *Palmer* (74 N. Y. 183) where it was said that "this provision is the most important guaranty of personal rights to be found

in the Federal or State Constitution. It is a limitation upon arbitrary power, and is a guaranty against arbitrary legislation. No citizen shall arbitrarily be deprived of his life, liberty or property, * * * whether the proceeding be judicial, administrative or executive in its nature * * * This great guaranty is always and everywhere present, to protect the citizen against arbitrary interference with these sacred rights." And it requires a proceeding "which proceeds upon inquiry and renders judgment only after trial. (Id., 190, 191.) It certainly will not sanction the forfeiture of a person's property to pay the expenses of a proceeding taken against him which is afterwards set aside at his instance as unwarranted.

In *Verplanck* v. *Mercantile Insurance Company* (2 Paige, 438), the property of a corporation was taken from it and placed in the hands of a receiver by an order of the vice-chancellor, reversed on appeal, and the chancellor directed the restoration of the property, without providing for subjecting it, or the party entitled to receive it, to the payment of any fees or expenses to the receiver. A demand of this nature by the receiver was evidently, in that case, not considered to be worthy of either examination or discussion.

In *French* v. *Gifford* (31 Iowa, 428), this subject was discussed in the opinion of the court, where it was said : " We think it would be an unjust and inequitable rule if, in all cases, the receiver should be entitled to his compensation from the fund in his hands, without reference to the legality of his appointment. Under the operation of such a rule innocent persons might be made to suffer great loss." It was further added that costs were adjudged against the unsuccessful party, " unless there exists some equitable consideration to justify a different disposition, or the case is otherwise provided for by law." (Id., 431.)

The claim now made in behalf of the receiver has, by no law, been imposed upon the defendant. Neither is there any equitable principle which should require him to pay, before he can secure a return of his property, the expenses of the unlawful proceeding by which it has been taken and withheld from his possession. To require that payment from him, or his property, would be a wrong which the court has neither the power, nor the disposition, to inflict upon him. It may be a hardship upon the receiver himself, but it is one of the risks which he has voluntarily assumed. He could

have avoided it by declining to accept the appointment or protected himself against the loss of his commissions and expenses by first requiring security from the plaintiffs for their payment. If they cannot now be made to pay, it is more just and equitable that the receiver shall be deprived of his fees and expenses, than it would be to require the defendant to defray the expenses of an unauthorized proceeding and the cost of depriving him thereby of the possession of his property.

The order from which the appeal has been taken should be affirmed, with the usual costs and disbursements

VAN BRUNT, P. J., concurred.

BARTLETT, J. :

The appellant, Alexander Thain, was appointed receiver of the firm of Weston Brothers and Watts in this action, and the order appointing him was reversed by the General Term upon an appeal to which he was not a party. The order of reversal directed him to turn over to the defendant all the copartnership property which he held and to render an account before a referee named therein, who should fix the receiver's compensation, which the plaintiffs in the action were ordered to pay. The receiver did not comply with this order of the General Term, whereupon the defendant obtained a Special Term order requiring him to do so ; and from the latter order the receiver now appeals.

By this appeal he practically asks the General Term to modify its former order in the action, made without notice to him, so far as it commands him to deliver all the partnership property to the defendant, before his compensation shall have been fixed and its payment definitely provided for. He claims to have incurred certain liabilities in the due discharge of his trust, more than equal to the amount he has received, and argues that he ought not to be compelled to turn his receipts over to the successful party to the litigation, and look to the other (who may be irresponsible) for his fees and expenses.

The case of *Galster* v. *Syracuse Savings Bank* (29 Hun, 594), is authority for the proposition that an order ought not to be made directing a receiver to pay over the entire fund, without authorizing him to deduct his commissions, or in some way providing for their

payment. In the case at bar, however, the payment of all proper commissions and expenses to which the receiver may be entitled is provided for by charging them against the plaintiffs, who procured his appointment under circumstances which the court has held to have been insufficient to warrant a receivership, and who, so far as appears, are of sufficient pecuniary responsibility to pay the receiver's charges. Indeed, even if the unsuccessful party were unable to pay the receiver, it may well be doubted whether any authority exists to enforce payment of his commissions out of any portion of the property or fund belonging to the party who has succeeded in vacating the receivership. It would be a pretty severe rule, even if constitutional, which should compel a litigant to pay the expense of having his own property illegally taken out of his custody for a while. There might be cases, where a receiver was erroneously appointed but not under such circumstances as to make the appointment absolutely void, which would warrant an order that his disbursements be paid out of the fund, as, for example, where the property consisted of a herd of cattle for which the receiver had to buy fodder. In such a case it would be fair and just to charge the successful party with the cost of feeding, for he would have had to incur it if the animals had remained in his own custody. But commissions and all disbursements, except such as would have been necessary if the custody of the property had remained unchanged, seem to me to stand on a different footing. I do not deem it essential to the determination of the present appeal, however, to lay down any general rule as to the source of the compensation of a receiver whose appointment has been vacated, as erroneously or improvidently made but not absolutely void. It is enough to say that the successful party in this proceeding should not be compelled to contribute to the compensation of the receiver, inasmuch as proper provision for his fees and disbursements has been made by charging them against the plaintiffs, at whose instance he was appointed.

For this reason I think the order appealed from should be affirmed.

Order affirmed, with ten dollars costs and disbursements