67   291
172s 535

## John J. Knickerbocker, George G. Newbury and Ellis L. Hagenbuck, Executors and Trustees of the last Will and Testament of James J. Gore, Deceased, v. McKindley Coal & Mining Company and Steele-Wedeles Company.

1. RECEIVER—*The Hand of the Court.*—A receiver is the hand of the court.    The court is an instrumentality resorted to by the parties for their convenience, and a receiver is an agent appointed by the court to serve the parties interested.

2. SAME—*Expenses—When the Estate is Insufficient.*—While the estate in the receiver's hands is the primary fund out of which his proper expenses and compensation are to be paid, if the estate is insufficient or fails, the parties for whom the receiver is acting may be compelled to pay the expense incurred for their benefit.

Intervening Petition.—Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding.    Heard in

this court at the October term, 1896.   Affirmed.   Opinion filed December 14, 1896.

### STATEMENT OF THE CASE.

The controversy here is over the furniture in Gore's Hotel, which this court on January 28, 1895, held that appellants owned and were entitled to the possession of, by virtue of having purchased and paid for it at a foreclosure sale.   That was on an appeal from the Superior Court in the case of Knickerbocker et al. v. Heffron, wherein the Superior Court had ordered its receiver to deliver possession of said property to appellants, and from which decretal order Heffron appealed.   After that decretal order had been affirmed by this court (57 Ill. App. 336), and after appellants had obtained possession of the property from the receiver, the Superior Court, in the same case, decreed that appellants pay certain indebtedness incurred by the receiver while the appeal was pending here, and in default of making such payments, to restore the property to the receiver for the purpose of selling it over again to raise money with which to pay such indebtedness of the receiver.

The appeal now appealed from *inter alia* directed appellants, as the executors and trustees of the last will and testament of James J. Gore, deceased, within a specified time, to pay to each of the appellees, respectively, said sums of money, and in default thereof, to restore certain furniture and fixtures to the possession of the receiver in the cause of said appellants against said Patrick H. Heffron, pending on the chancery side of said court, and in which cause the appellees had intervened by their petition filed therein on July 6, 1895.   The decree finds: "That on January 9, 1889, James J. Gore and Patrick H. Heffron were partners, and, as such, owned and conducted a hotel, known as Gore's European Fire Proof Hotel, in the city of Chicago; that on said day, said Gore filed the bill of complaint in this suit against said Heffron, and therein prayed for an accounting and a dissolution of said partnership; that on January 29, 1889, upon agreement of the parties to said suit, an order was entered herein, appointing one James H. Rice receiver

of the partnership property, and by said order said receiver was directed to operate said hotel and continue said business; that thereupon said Rice qualified and entered upon the discharge of his duties as such receiver, and continued as such until on or about July 16, 1889, when he resigned, and thereupon, on motion of said Gore, one Nicholas D. Laughlin was appointed receiver of said partnership property, and by said order of appointment said Laughlin was directed to continue the conduct and operation of said hotel; that on or about October 22, 1891, the death of said Gore was suggested herein to the court, and thereupon an order was entered herein, substituting John J. Knickerbocker, George G. Newbury and Ellis Hagenbuck, executors and trustees under the last will and testament of said Gore, as complainants in this cause."

" The court further finds that prior to the filing of the bill of complaint in this suit, the said Gore and Heffron had become indebted, and in order to secure said indebtedness, had executed a trust deed, which covered, among other property, the furniture and fixtures in said hotel; that thereafter suit was commenced to foreclose said trust deed, and thereafter a decree of foreclosure was entered in said suit, and thereunder, on March 15, 1894, said hotel building was sold to the complainants for the sum of $95,000. Said furniture and fixtures were sold to complainants in the suit for the sum of $9,250. That thereafter said sale was confirmed, and on March 28, 1894, an order was entered in this cause, directing said receiver to turn said furniture and fixtures over to said complainants; that on the 3d of December, 1894, said receiver purchased and received from intervenor, the McKindley Coal and Mining Company, coal for use and consumption in the conduct of said hotel to the amount of $737.83; that said coal was necessary to enable said receiver to conduct said hotel, and was so used by said receiver, and the purchase thereof was proper, and was authorized by and was in pursuance of the order appointing said receiver; that no part of said coal has been paid for, and that there is now due for said coal to said intervenor, the McKindley Coal and Mining

Company, from said receiver, the sum of $737.83, with legal interest thereon from and after December 3, 1894; that on December 3, 1894, said receiver purchased and received from intervenor, the Steele-Wedeles Company, groceries to the amount of $212.38; that said groceries were necessary to enable said receiver to conduct said hotel, and were so used by said receiver, and the purchase was proper and was authorized by, and was in pursuance of the order appointing said receiver, and was in discharge of his duties as such; that no part of said groceries has been paid for, and there is now due to said intervenor, the Steele-Wedeles Company, for said groceries, from said receiver, the sum of $212.38, together with legal interest thereon from and after December 3, 1894.

" The court further finds that said sums so found due from said receiver to said intervenors, became and were, and have since continued to be, a charge and lien upon said furniture and fixtures, under said lease to said receiver, and thereupon said complainants, John J. Knickerbocker, George G. Newbury and Ellis L. Hagenbuck, took said furniture and fixtures out of the possession of the receiver, and have since said date continued to withhold said property from said receiver.

" The court further finds that the receiver has no funds or property in his hands with which to pay said claims of said intervenors."

It has been stipulated that the findings of fact in said decree shall be taken as uncontroverted.

JOHN S. COOPER, attorney for appellants.

MORAN, KRAUS & MAYER, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

A receiver is the hand of the court. The court is an instrumentality resorted to by parties for their convenience. A receiver is, therefore, an agent appointed by the court to serve the parties interested.

It follows that while the estate in the receiver's hands is the primary fund out of which his proper expenses and compensation are to be paid, if the estate be insufficient or fail, the parties for whom he has acted may be compelled to pay the expense incurred for their benefit.   City of St. Louis v. St. Louis Gas Light Co., 11 Mo. App. 237; affirmed, 87 Mo. 224; Einstein v. Lewis, 54 Ill. App. 520; Myers v. Frankenthal, 55 Ill. App. 390; French v. Gifford, 31 Ia. 428; Johnson v. Garrett, 23 Minn. 565; Lammon v. Giles, 3 Wash. Ter. 117–123; 20 Am. & Eng. Ency. of Law, 180.

If, as is contended by appellants, they, by the sale under the mortgage made by Gore and Heffron, acquired a title superior to that of the receiver, the case is then one in which the estate in the receiver's hands has been exhausted, leaving unpaid debts, properly incurred by him in the discharge of duties, undertaken for the benefit of the testator of appellants and Heffron.

Whose debts, in the view of a court of equity, are these obligations of the receiver, incurred in running a hotel belonging to the parties in whose interest the receiver was appointed and acting?

Clearly, the obligations of the estate of Gore and of Mr. Heffron.

The receiver is entitled to charge those items in his account, and to have them paid by those for whom he acted.

The conditional order to surrender the personal property may not have been proper, in view of the title acquired by appellants at the foreclosure sale, but such order, being conditional, does not injuriously affect appellants.   Appellants might properly have been peremptorily ordered to pay the debts due appellee.

We do not wish to be understood as holding that appellants, by their purchase at the foreclosure sale, acquired a title superior to, and free of, the title which Gore and Heffron, subject to the receiver's claims, before had; as to this, we do not deem it necessary to express an opinion.

The decree of the Superior Court is affirmed.