FARMERS NATIONAL BANK OF OWATONNA v. HIRAM BACKUS and
Others.

November 22, 1898.

Nos. 11,213—(62).

National Bank—Expiration of Charter—Corporate Existence There-
    after.
    A national bank, after the expiration of the time limit of its charter,
    continues to exist as a person in law, capable of suing and being sued,
    until its affairs are completely settled.

Receiver—Payment of Expenses by Plaintiff.
    *Held*, upon the special facts of this case, that the trial court did not
    err in ordering the appellant to pay the balance of the fees and expenses
    of the receiver herein.

Petition in the district court for Ramsey county by James A.
Owens, receiver in the above entitled action, praying that plaintiff
be required to pay him the amount of his fees and disbursements.
From an order, Otis, J., adjudging the amount, and directing
plaintiff to pay the same to petitioner, or to show cause why its
officers should not be adjudged guilty of contempt, plaintiff ap-
pealed. Affirmed.

*Sawyer & Sperry*, for appellant.
Plaintiff was not in esse, and hence the court had no jurisdiction.
A receiver is not the agent of the parties, and his contracts and
liabilities are those of the court. His commissions and expenses
are chargeable solely against the fund. Farmers v. Oregon, 31
Ore. 237; Hembree v. Dawson, 18 Ore. 474. See also Wallace v.
Loomis, 97 U. S. 147; Galveston Railroad v. Cowdrey, 11 Wall. 459;
Dow v. Memphis & L. R. R. Co., 124 U. S. 652; Union T. Co. v.
Illinois M. Ry. Co., 117 U. S. 460; Kneeland v. American L. & T.
Co., 136 U. S. 89; Myer v. Car Co., 102 U. S. 1; Farmers L. & T. Co.
v. Central Railroad, 7 Fed. 537, 17 Fed. 758; Turner v. Peoria, 95
Ill. 134; State v. Edgefield, 6 Lea, 353; Davis v. Gray, 16 Wall. 203;
Booth v. Clark, 17 How. 322. The case is distinguishable from
those resting on the doctrine that where plaintiff is seeking the

interposition of the court for some special relief or action in his behalf such relief may be conditional on payment of receiver's expenses.

*Stevens, O'Brien, Cole & Albrecht,* for respondent receiver.

The order is not appealable. Semrow v. Semrow, 26 Minn. 9. The bank's charter is extended till its affairs are closed. 22 Stat. 162, § 7; National Bank v. Insurance Co., 104 U. S. 54. The bank was properly ordered to pay the expenses of the receivership under the circumstances of the case. Joslyn v. Athens C. & C. Co., 43 Minn. 534; Tome v. King, 64 Md. 166; Cutter v. Pollock, 4 N. D. 205; Knickerbocker v. McKindley, 67 Ill. App. 293. See 20 Am. & Eng. Enc. 184; High, Rec. § 827; Highley v. Deane, 168 Ill. 266; French v. Gifford, 31 Iowa, 428; City v. St. Louis, 11 Mo. App. 237. Appellant cites only cases of railroad receiverships, which are not in point. The case of Hurd v. Hurd, 63 Minn. 443, disposes of any question that might be raised as to imprisonment for debt.

START, C. J.

The respondent, James A. Owens, presented his verified petition to the district court of the county of Ramsey, which set forth substantially these facts: The petitioner, on July 3, 1895, was by order of the court appointed receiver in this action of the real estate which was the subject-matter thereof (conceded on the argument to be an apartment house on which the plaintiff had a second mortgage), and has continued to act as such receiver to the present time. The defendant Charles W. Burdic appealed from the order to this court, giving to the plaintiff in this action a bond conditioned for the payment to it of such loss as it might sustain on account of the appeal. Pending the appeal, the income of the property was paid to the defendant. This court affirmed the order appointing the receiver. 64 Minn. 43, 66 N. W. 5. Thereupon the plaintiff, by action on the bond, recovered from the defendant and his sureties the sum of $3,100, as damages for the income from the property it was unable to collect through the receiver pending the appeal. The petition further sets forth the amount of respondent's costs and expenses necessarily incurred in the receivership, the

amount of his reasonable fees for services, the amount of money which actually came to his hands as receiver from the property, which was less than his expenses and fees; also that the property had been lost by foreclosure of a prior lien, that the defendant was insolvent and that the receiver had no money or funds in his hands to pay the balance of the fees and expenses. The prayer of the petition was that the plaintiff be required to pay such balance.

The district court made its order requiring the plaintiff to show cause why the prayer of the petitioner should not be granted. The plaintiff appeared specially in response to the order, filed an affidavit to the effect that its charter expired by limitation, and it went into voluntary liquidation, which had been consummated, and that at the date of the order its corporate existence had ceased, and on this ground objected to the jurisdiction of the court. The objection was overruled, and it then appeared generally; but, so far as appears from the record, it did not put in issue any of the facts of the petition, or question the propriety, necessity or reasonableness of the respondent's charges for expenses and fees as receiver. The trial court found, among other facts, that the respondent was appointed receiver at the request of and for the benefit of the plaintiff, and adjudged the balance due to the respondent for such expenses and fees to be $578,52, and ordered that the plaintiff pay this amount to the receiver. The plaintiff appealed from this order.

The appellant here insists on two propositions only:

1. That the trial court erred in overruling the objection to its jurisdiction. It is urged that after the expiration of the appellant's charter, and it had passed through liquidation, "the law determined its status,—it was dead. How could an order of the district court galvanize it into life?" It seems to have done so, for since the making of the order the appellant has been very much alive. It appealed to this court, gave a supersedeas bond, and presented a vigorous and able argument on another question involved in this appeal. A national bank, after the expiration of the time limit of its charter, continues to exist as a person in law, capable of suing and being sued, until its affairs and business are

completely settled. 22 Stat. 162, § 7; National Bank v. Insurance Co., 104 U. S. 54. The appellant commenced this action, and the business then undertaken by it has not as yet been fully completed. The objection to the jurisdiction of the court was properly overruled.

2. The second proposition is that, a receiver being an officer of the court, subject to its control, and not to that of the party asking for his appointment, his fees and expenses are chargeable solely against the fund which comes into his hands as receiver. The parties to the action are not personally liable therefor, unless they have given a bond or other contract to pay them as a condition of the appointment or continuance of the receiver. This may be conceded to be correct as a general rule, but there are cases where the court will, if the fund in court be insufficient to give the receiver reasonable compensation and indemnity, require the parties at whose instance he is placed in possession of the property to pay him. Johnson v. Garrett, 23 Minn. 565; Knickerbocker v. McKindley, 67 Ill. App. 293; High, Rec. § 796.

The special facts of this case fully justify the order of the trial court. It is not a case where the party asking for the appointment of a receiver is required to pay the receiver's charges without having received any benefit from the receivership. It is a case where the benefits so received were more than five times as great as the amount required to be paid. It was only by the appointment of the respondent as receiver, and his acceptance thereof, and services as such in this case, that the appellant was enabled to obtain the $3,100 recovered of the defendant and his sureties. After the defendant appealed from the order appointing the receiver, and pending the appeal, he received the income of the property, which would otherwise have been paid to the receiver; and the effect of the decision of this court affirming the order was to establish the right of the receiver to such income from the date of his appointment. Farmers Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5.

If the defendant had been solvent, and the receiver had recovered such income from him, the fund would have been chargeable with the receiver's fees and expenses. But, the defendant being insolvent, the money was recovered on his bond in an action by the

appellant. The basis, however, of such recovery, must have been the fact that the receiver was kept out of the possession of the property pending the appeal by reason thereof, and was entitled to the income of the property during such time. The fund received by the appellant came to it by reason of the receivership, and not otherwise; and equitably it ought to have paid over to the receiver so much of it as was necessary to indemnify him for his expenses, and to compensate him for his services, in the receivership. It would be grossly inequitable to permit the appellant to appropriate the entire fund to its own use, and leave the respondent unpaid for his services, and without reimbursement for the expenses of a receivership undertaken at its request, and for its sole benefit, whereby it secured $3,100. The order of the court requiring the appellant to pay the receiver is, in effect, the enforcement of the receiver's equitable right to be paid from a fund growing out of the receivership.

Order affirmed.