[No. 8149. Department Two. October 29, 1909.]

HENRY LOHMAN, *as Administrator etc.*, *Appellant*, v.
HENRY CLAUSSEN, *Receiver etc.*, *Respondent.*[1]

APPEAL—REVIEW—STATEMENT OF FACTS—NECESSITY. The allowance for receiver's fees cannot be reviewed on appeal in the absence of a statement of facts or bill of exceptions containing the evidence upon which the court based the allowance, it being presumed that the court did not abuse its discretion.

RECEIVERS—COMPENSATION—LIABILITY OF PARTY FOR. The court has jurisdiction, in a proper case, to charge against the plaintiff the compensation of a receiver appointed at plaintiff's instance to take charge of property, especially where most of the property was adjudged to belong to defendants claiming the same in litigation waged by the plaintiff pending the receivership.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 9, 1908, allowing compensation to a receiver appointed pending the foreclosure of a mortgage, after a trial on the merits before the court. Affirmed.

*Lueders & Phelps*, for appellant.
*Ray & Dennis*, for respondent.

PARKER, J.—This is an appeal from a judgment rendered against appellant in favor of respondent for the sum of $500 as compensation for his services as receiver in this action. The suit was commenced by Mary Lohman to foreclose a chattel mortgage given to her by the defendant West Side Lumber Company, upon its sawmill plant and fixtures, to secure the sum of $1,200.

On November 8th, 1907, soon after the commencement of the suit, the respondent was appointed receiver to take charge of the property pending the foreclosure, at the instance of the plaintiff, and thereupon took possession of the plant and fixtures. Certain other defendants, who had been

[1]Reported in 104 Pac. 624.

made such for the purpose of foreclosing their interests, filed answers claiming to be owners of a large part of the machinery and fixtures by virtue of conditional sale contracts, entered into with the defendant West Side Lumber Company, and duly recorded in the office of the auditor of Pierce county. Replies to these answers were filed by the plaintiff and her administrator, who had been substituted as plaintiff, she having died since commencing the action, thus putting in issue the ownership of the machinery and fixtures covered by the conditional sale contracts. The defendant West Side Lumber Company failing to answer, was adjudged to be in default. Thereafter the issues as to the ownership of the machinery and fixtures covered by the conditional sale contracts were tried by the court, and on June 13, 1908, the court rendered its judgment and decree in favor of the answering defendants as to the property claimed by them, and by the same decree foreclosed the mortgage and ordered the remainder of the property sold to apply on the debt thereby secured. Special execution was issued to the sheriff accordingly. Thereupon the respondent petitioned the court for an allowance of his compensation as receiver, and that judgment be rendered in his favor and against the plaintiff and defendants for any balance remaining due in the event the remaining property then about to be sold by the sheriff should not yield sufficient funds for that purpose. The plaintiff answered the receiver's petition, and the matters being submitted to the court upon the merits, judgment was rendered in favor of the receiver and against the appellant, as administrator, in the sum of $500. Prior to the hearing upon the question of the receiver's compensation, the sale was had under the foreclosure, when the remaining property was bid in by the plaintiff for $200. The plaintiff appealed from the judgment rendered against him, as administrator, for the receiver's compensation.

Appellant assigns as error, and contends that the trial court erred (1) in allowing the receiver $500, because such

compensation is excessive; (2) in refusing to charge the whole amount of the expense of the receivership to the property cared for by the receiver; and (3) that the court was without jurisdiction to render judgment against plaintiff as administrator for the receiver's compensation.

We are unable to review the trial court's action in fixing the amount of the receiver's compensation, since there is no statement of facts or bill of exceptions in the record showing the evidence before the court as to the amount of the receiver's services. This was one of the issues of fact raised by the receiver's petition and appellant's answer thereto. It does appear that the receivership covered a period of some seven months. We must presume, in the absence of the evidence, that the trial court did not abuse its discretion in determining the amount of the receiver's compensation.

The other two assignments of error involve the question of whether or not a court has the power under any circumstances to render a judgment against a party to the suit in favor of the receiver for his compensation. That there may be circumstances warranting the charging of the compensation of a receiver, in whole or in part, against a party to the action, instead of against the fund or property in his possession, has been recognized by this court. *Lammon v. Giles,* 3 Wash. Ter. 117, 13 Pac. 417; *Brundage v. Home Sav. & L. Ass'n,* 11 Wash. 288, 39 Pac. 669.

While we have no statement of facts before us showing all the facts and circumstances which induced the trial court to render judgment against the plaintiff for the receiver's compensation, it can be readily seen from the record that such facts may have existed and been proven as to fully warrant the court's action. The receiver was appointed and took charge of the whole plant, including the machinery and fixtures not subject to the mortgage. This was done at the instance of the plaintiff and over the objections of the defendants, who were adjudged to be the owners of a large portion of the machinery and fixtures, after several months of litiga-

tion in the action, wherein the plaintiff was contending that such machinery and fixtures were the property of the defendant West Side Lumber Company, the mortgagor, and subject to the mortgage. Having failed in this contention, the court may have quite properly concluded, under all the facts of the case, that the owners of this property should not be burdened with any of the expense of the receivership by having their property charged therewith. In support of the court's jurisdiction to render judgment in favor of the receiver for his compensation against the party securing his appointment, the following may be cited: . *Farmers' Nat. Bank v. Backus*, 74 Minn. 264, 77 N. W. 142; *Highley v. Deane*, 168 Ill. 266, 48 N. E. 50; *Knickerbocker v. McKindley Coal & Min. Co.*, 67 Ill. App. 291; *Tome v. King*, 64 Md. 166, 21 Atl. 279; *French v. Gifford*, 31 Iowa 428; *Ephraim v. Pacific Bank*, 129 Cal. 589, 62 Pac. 177.

We are of the opinion that the court had jurisdiction to render judgment against the plaintiff, as administrator, for the receiver's compensation; and in so doing, the record discloses no error or abuse of discretion. The judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.