**FULP et al. v. McCRAY.***

Circuit Court of Appeals, Eighth Circuit.
September 16, 1927.

No. 7752.

Receivers ⬢⟶55—Party who, without equity, secures appointment of receiver, should be required to pay his fee.

If a party with absolutely no equity in his claim secures appointment of receiver of another's property, he should take the risk of paying the receiver's fee.

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit in equity by W. S. McCray against the Sapulpa Petroleum Company and others. From the decree awarding fees to a receiver from funds of the Sapulpa Petroleum Company, J. A. Fulp, its receiver, appeals. Reversed and remanded.

See, also, 21 F.(2d) 953.

J. P. O'Meara, of Tulsa, Okl. (M. H. Silverman, of Tulsa, Okl., on the brief), for appellant.

F. E. Riddle, of Tulsa, Okl. (Stuart, Coakley & Doerner, of Tulsa, Okl., on the brief), for appellee.

Before KENYON, Circuit Judge, and MOLYNEAUX, and JOHN B. SANBORN, District Judges.

KENYON, Circuit Judge. Among the questions presented by this appeal is the action of the District Court for the Northern District of Oklahoma in allowing to one J. H. Knox, who had been appointed receiver by said court of four oil leases owned by the Sapulpa Petroleum Company, fees aggregating $3,200 out of the funds of said company. To this we confine our attention.

W. S. McCray, appellee, had pursued an action in the district court of Creek county, Okl., to enforce the specific performance of an alleged contract to assign to him certain oil and gas leases owned by the Sapulpa Petroleum Company. The trial court had decided against McCray's contention, and its judgment had, on the 25th day of September, 1923, been affirmed by the Supreme Court of Oklahoma. McCray v. Sapulpa Petroleum Co. et al., 102 Okl. 108, 226 P. 875. After the decision of that case, McCray brought action in the United States District Court for the Eastern District of Oklahoma against the Sapulpa Petroleum Company, Bates B. Burnett, B. C. Burnett, Anderson T. Herd, and Cushing Petroleum Corporation, to enforce a claimed equitable lien upon the two

*Rehearing denied December 5, 1927.

leases, title to which had been in controversy in the state court, and also upon other leases of the Sapulpa Petroleum Company. On the 4th day of August, 1924, appellant, J. A. Fulp, was appointed receiver of the Sapulpa Petroleum Company by the district court of Creek county, Okl., in the case of C. A. George v. Sapulpa Petroleum Company, and entered into possession of the properties of that company. On the 8th day of August, 1924, McCray filed a supplemental complaint in the United States District Court for the Eastern District of Oklahoma applying for a temporary injunction against carrying out the mandate of the state Supreme Court, and asking the appointment of a receiver for all the leases of the Sapulpa Petroleum Company, except the two leases which had been in controversy in the state court. The court granted the temporary injunction, and appointed J. H. Knox receiver for all the leases of the Sapulpa Petroleum Company, except the two in question. From this order appointing a receiver the Sapulpa Petroleum Company appealed to this court.

A full discussion of these matters will be found in the opinion of this court in Sapulpa Petroleum Co. v. McCray, 4 F.(2d) 645, 651, where it was held that the appointment of Knox as receiver was improvidently made, and the order of the district court appointing him was reversed. It was there said: "For the reason that the pleadings and evidence in this case disclose no equity in the plaintiff, entitling him to any interest or lien upon the property of the Sapulpa Petroleum Company, for the reason that the record in this case discloses the fact that McCray is estopped from maintaining any suit upon any such lien by his former suit in the state court and the decree therein, and for the reason that on the pleadings, evidence, and record at the preliminary hearing neither (1) the fact that there was imminent danger that, unless a receiver of the four leases was appointed, they would be deteriorated in value or their proceeds would be wasted during the pendency of the suit, nor (2) the fact that the plaintiff would suffer irreparable loss from such deterioration and waste, nor the fact (3) that there was a strong probability that the plaintiff would prevail on the merits of this case—facts essential to the appointment of a receiver under the general principles and practice in equity—appeared, our minds have been forced to the conclusion that the appointment of Mr. Knox as receiver of these four leases in this case was improvidently granted, and must be reversed. Folk v. United States, 233 F.177, 183, 147 C. C. A.

183; Jackson v. Parkersburgh & O. V. Electric Ry. Co. (D. C.) 233 F. 784, 790, 791."

While it is undoubtedly true, as stated in 15 Corpus Juris, p. 36, § 29, that "a court of equity has power to impose costs on a party notwithstanding the fact that he is successful in the suit, if the circumstances are such as to warrant doing so," and while the general rule is that, where a receivership proceeding is contested and a receiver is appointed and obtains possession of property under an order of the court which is afterwards reversed on appeal as unauthorized, compensation for such receiver will not be ordered paid out of the funds in the receiver's hands, and the receiver must look for his fee to the party securing his appointment (Beach on Receivers, § 773; Bellamy v. Washita Valley Telephone Company, 25 Okl. 18, 105 P. 340, 25 L. R. A. [N. S.] 412; McAnrow v. Martin, 183 Ill. 467, 56 N. E. 168; St. Louis K. & S. R. Co. v. Wear et al., 135 Mo. 230, 36 S. W. 357, 658, 33 L. R. A. 341; Frick v. Fritz, Morris & Cuthbert, 124 Iowa, 529, 100 N. W. 513; Howe v. Jones, 66 Iowa, 156, 23 N. W. 376), yet equitable considerations create exceptions to this general rule, and the matter of assessment of costs in receivership cases against the funds in the hands of the receiver must as a practical matter rest largely in the discretion of the trial court.

In Tardy Smith on Receivers, vol. 2, p. 1754, it is said: "There are, however, exceptions to the rule that the receiver's compensation should be taxed against the party applying for the receiver when he is unsuccessful in the final determination of the litigation. The receiver's compensation is part of the costs of the action; and, like other costs in any equitable proceeding, they are assessed in accordance with principles of equity and on equitable grounds. * * * It is generally accepted that, in the absence of a statute, the expenses of receivership, as between the parties, should be adjudged upon equitable principles. 34 Cyc. 364; Geer v. Finn, 196 Mich. 738, 163 N. W. 20. In accordance with such rule, the court exercises large discretion in determining who shall pay the expenses of receiverships and assess the same against the funds, or against either party, or apportion them, according to the justice and equity of each case." High on Receivers (4th Ed.) § 796; Burnrite Coal Briquette Co. v. Edward G. Riggs et al., 274 U. S. 208, 47 S. Ct. 578, 71 L. Ed. 1002 (decided by the Supreme Court May 2, 1927). Such discretion, however, is not an arbitrary one, and should be exercised "according to the justice and equity of each case." We measure this case by that rule.

What was the situation presented to the trial court at the time of Knox's appointment? McCray had unsuccessfully pursued his action in the state and Supreme Courts of Oklahoma to secure possession of two leases of the Sapulpa Petroleum Company, and the title of the Sapulpa Petroleum Company as against McCray in these two leases had been quieted. The indebtedness between McCray and the Sapulpa Petroleum Company had also been determined in that case. A receiver appointed by the state court had qualified and taken possession of all the properties of the Sapulpa Petroleum Company prior to the filing of any application for receiver in the federal court. The pleadings and evidence in the federal court case disclosed no equity in McCray entitling him to any interest in or lien upon the property of the Sapulpa Petroleum Company, as this court subsequently held, and further, as held by this court, he was estopped by the decree and judgment in the state court from maintaining the suit in the federal court based upon the equitable lien claimed. Under this situation there was no reason whatever for the appointment of a receiver in the federal court for certain of the leases. If, under such circumstances, a receiver can be appointed and receive compensation out of the funds of the legal victim, the door is opened wide to abuse in bringing unjustifiable receivership proceedings. No such stimulation to the art of receiverships is needed. If a party with absolutely no equity in his claim secures the appointment of a receiver of another's property, he should take the risk of paying the receiver's fee. There is no reason why funds of an unoffending party should be appropriated to pay the expenses of an entirely unnecessary and uncalled-for receivership.

To tax the fees of Knox against the funds of the Sapulpa Petroleum Company under the circumstances disclosed in this case was entirely unwarranted. It is not "according to the justice and equity of the case." In so doing we feel there was an abuse of the court's discretion. The question seems to have arisen on a motion to retax costs, and the order of the court was that the amount paid Knox as receiver "be not taxed against W. S. McCray."

The judgment and order of the trial court should be reversed, and the case remanded for appropriate action upon the part of the court to require Knox or McCray to account to appellant for any amounts received by Knox as fees in such receivership. It is so ordered.

Reversed and remanded.