## BOWERSOCK MILLS & POWER CO. v. JOYCE et al.*

### No. 11209.

Circuit Court of Appeals, Eighth Circuit.
March 8, 1939.

George K. Melvin, of Lawrence, Kan., for appellant.

Frank Lee, of St. Louis, Mo., for appellee receiver, Barton T. Clifford.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

The question presented by this appeal is whether it was within the discretion of the court below to require the appellant, at whose instance and request the court had appointed a temporary receiver, to pay so

*Rehearing denied March 24, 1939.

much of the compensation of the receiver and his counsel as exceeded the funds of the receivership.

The appellant is a Kansas corporation which manufactures and sells Jenny Wren Wheat products. In 1934 it had an agreement with John M. Joyce, a St. Louis broker, to distribute its products in six states. Joyce scattered some $40,000 worth of these products throughout his territory. Some were on consignment with merchants and some in storage in St. Louis and other places. In January, 1935, the appellant sued Joyce for an accounting and other equitable relief in the Circuit Court of the City of St. Louis. In that suit it was unsuccessful, the court holding that the appellant was doing business in Missouri without authority. In February, 1935, Joyce brought an action against the appellant in the same State court for $100,000 damages for breach of contract. This suit the appellant removed to the court below, and, by answer and cross-bill, set up its grievances against Joyce and asked for an accounting, for an injunction to prevent him from disposing of its products in his possession or control or the proceeds thereof, and for the appointment of a temporary receiver to take possession of such property and to prevent the disposition of it in such a way as to injure the appellant's business. According to the allegations of the cross-bill, these products were perishable and were deteriorating, and the sale of them in their deteriorated condition would be detrimental to the appellant's business and good will. In its cross-bill, the appellant asked "that said receiver be authorized to take possession of said funds, accounts, merchandise and products, and to hold the same in accordance with the orders and judgments of this Court, and to hold the proceeds of such sales in his possession *awaiting final judgment and decision of the Court herein;* and for such further orders and judgments as from time to time may seem meet and proper." [Italics supplied.]

On July 26, 1935, the court appointed Claude D. Speak temporary receiver, with authority "to take possession of the goods, products and merchandise of the defendant above described [in the possession or under the control of Joyce] and to that end to take any steps necessary to recover possession thereof * * *" and to dispose of them under orders of the court. The court appointed Mr. Frank Lee attorney for the receiver. On November 22,

1935, Speak was removed as receiver, and Barton T. Clifford was appointed his successor. The final report of Speak, receiver, made December 10, 1935, showed that he had received $12,531.95, that he had expended $5,207.52, and that there was a balance of $7,324.43. This amount he turned over to his successor. The court approved the report, allowed Speak $1,600 for his services as receiver, and fixed the compensation of his attorney at $1,500. These amounts were paid. Thus it appears that the operations of Speak, receiver, resulted in obtaining $4,224.43 in excess of disbursements. On July 6, 1936, the court allowed Mr. Clifford $1,000.00 for his services as receiver. On June 23, 1937, Clifford, receiver, reported that he had received $8,348.83½, had disbursed $7,771.54½, and had a balance of $577.29. On January 12, 1938, he filed another report, showing additional receipts of $200, disbursements of $198.83, and a balance on hand of $578.46. Applications were made to the court for additional allowances for his services and for those of his attorney. There was a hearing upon these applications on January 22, 1938. The evidence disclosed that the receivership had handled 204,828 packages of Jenny Wren products gathered from 9,526 retail merchants, 20 warehouses and seven garages: that Clifford recovered 10,621 packages from retail merchants located in seven different states; that the greater part of the appellant's merchandise was located in St. Louis; that the expense of recovering and assembling these scattered goods was out of proportion to their value, but that the appellant wished to have them taken out of the hands of the merchants who held them on consignment, in order to prevent demoralization of the market for its goods; that Clifford, receiver, had furnished office space for the receivership and had thus saved it approximately one hundred dollars a month; that the services of Mr. Lee as attorney for the receiver extended over thirty months; that in rendering such services he spent, all told, between 100 and 125 full working days; that he assisted and advised the receivership in connection with gathering together the appellant's merchandise; that he conducted correspondence with other lawyers in the various states in which the goods were located, and prepared applications for numerous orders with respect to the disposition of merchandise recovered; that the entire merchandise which he and the receiver succeeded in recapturing was dispos-

ed of for about $12,000; that expenditures in addition to the allowances for the services of the receiver and his attorney consisted of sums paid for labor, commissions to auctioneers, postage, freight, and warehouse charges; that at the peak of the work there were seven employees, beside the receiver and his attorney, working on receivership matters.

After hearing the evidence, the court fixed the additional compensation of the receiver and his counsel at $1,250 each, and on January 24, 1938, ordered the appellant to deposit with the Clerk of the Court $2,500 wherewith to pay such allowances.

The appellant moved the court to either vacate or modify this order, on the grounds (1) that the court was without authority to make it, and (2) that in making it the court had failed to take into account the balance of $578.46 in the receivership fund. The court overruled this motion. In its opinion, the court said: "The trial of this cause was repeatedly continued by consent of plaintiff and defendant. On January 12th, 1938, counsel for defendant informed the Court that a settlement had been reached, and thereafter the Temporary Receiver filed his final report and moved for additional compensation in the sum of $1250.00 in full for his services, and his attorney moved for an additional allowance of $1250.00 in full for his services. At the hearing on these motions defendant admitted that the services performed by the Temporary Receiver and his attorney were most satisfactory. After due consideration, the Court awarded the Temporary Receiver and his attorney the full amount asked, as in all respects reasonable and proper."

The appellant challenges the allowances made to the receiver and his counsel and the direction that it pay them. It contends: (1) That the allowances were excessive; (2) that they were chargeable only against receivership funds; and (3) that the court failed to consider the balance of $578.46 remaining in the hands of the receiver.

■ 1. The first contention is without merit. The evidence in the record sustains the conclusion of the court below that the receiver and his counsel were entitled to the additional compensation allowed, upon the basis of services actually rendered.

■ 2. The second contention presents the main problem. The receiver was an officer of the court, was acting for the court, and was not an agent or employee of either party to the litigation.[1]

■ The general rules are that where a receiver is regularly and lawfully appointed, his expenses and compensation are to be charged only against the receivership funds and not against the party who procured his appointment;[2] but that where the appointment of the receiver was irregular or inequitable or the court which appointed him was without authority so to do, the party who procured the appointment, and not the receivership fund, is liable for the expenses of the receivership.[3]

■ Equitable considerations have created exceptions to these general rules, and it

[1] Atlantic Trust Co. v. Chapman, 208 U.S. 360, 371, 28 S.Ct. 406, 52 L.Ed. 528, 13 Ann.Cas. 1155; Alexander v. Hillman, 296 U.S. 222, 237, 56 S.Ct. 204, 80 L.Ed. 192; Kansas City Terminal Ry. Co. v. Central Union Trust Co., 8 Cir., 294 F. 32, 40; United States v. Johnson, 8 Cir., 98 F.2d 462, 466.

[2] Atlantic Trust Co. v. Chapman, 208 U.S. 360, 371–373, 28 S.Ct. 406, 52 L.Ed. 528, 13 Ann.Cas. 1155; Ferguson v. Dent, C.C., 46 F. 88, 96–99; Elk Fork Oil & Gas Co. v. Jennings, C.C., 90 F. 767, 770; State ex inf. Hadley v. People's United States Bank, 197 Mo. 605, 95 S.W. 867, 869; French v. Gifford, 31 Iowa 428, 430; Radford v. Folsom, 55 Iowa 276, 287, 7 N.W. 604; Harrington v. Foley, 108 Iowa 287, 294, 79 N.W. 64; Cutter v. Pollock, 4 N.D. 205, 59 N.W. 1062, 25 L.R.A. 377, 50 Am.St.Rep. 644; Farmers' Nat. Bank v. Backus, 74 Minn. 264, 267, 77 N.W. 142; Crump & Field

v. First Nat. Bank, 229 Ky. 526, 17 S.W. 2d 436, 68 A.L.R. 872, and annotations, page 878. See, also, Clark v. Brown, 8 Cir., 119 F. 130, 133.

[3] Atlantic Trust Co. v. Chapman, 208 U.S. 360, 372, 373, 28 S.Ct. 406, 52 L. Ed. 528, 13 Ann.Cas. 1155; Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 214, 47 S.Ct. 578, 71 L.Ed. 1002; Central West Public Service Co. v. Craig, 8 Cir., 70 F.2d 427, 435; Close v. Brictson Mfg. Co., 8 Cir., 49 F.2d 751, 756; Noxon Chemical Products Co. v. Leckie, 3 Cir., 39 F.2d 318, 321; Fulp v. McCray, 8 Cir., 21 F.2d 951, 952; McIntosh v. Ward, 7 Cir., 159 F. 66, 68, 69; Couper v. Shirley, 9 Cir., 75 F. 168, 171; State ex inf. Hadley v. People's, etc., Bank, 197 Mo. 605, 95 S.W. 867, 869; St. Louis, K. & S. R. Co. v. Wear, 135 Mo. 230, 36 S.W. 357, 658, 33 L.R. A. 341. See, also, Bushman v. Barlow, 328 Mo. 90, 40 S.W.2d 637.

is recognized that there is a discretion in the court appointing the receiver as to who shall be charged with the costs of the receivership.[4]

The temporary receiver in this case was properly appointed. The appellant argues that, under the applicable general rule, the receiver and his counsel may be paid only from the funds of the receivership; while the receiver contends that, under the circumstances, a departure from the general rule was justified.

The weakness of the appellant's position is that in its cross-bill it prayed for the appointment of a receiver pendente lite; that the receivership was created for its sole benefit and protection; and that the intention of the appellant and the court was that the receivership should continue until the appellant's controversy with Joyce had been tried and determined. There is nothing in the record to suggest that the receivership was not conducted in accordance with the wishes of the appellant, and nothing to show that, at any time, the appellant suggested a termination of the receivership, although it must have known that the expense of recovering this widely

---

[4] W. F. Potts Son & Co. v. Cochrane, 5 Cir., 59 F.2d 375, 377, 378; Speakman v. Bryan, 5 Cir., 61 F.2d 430, 431; Fulp v. McCray, 8 Cir., 21 F.2d 951, 952; McIntosh v. Ward, 7 Cir., 159 F. 66, 68, 69; Farmers' Nat. Bank v. Backus, 74 Minn. 264, 267, 77 N.W. 142, 143; 23 R.C.L. 106–107, § 116; 15 C.J. 36, § 29; 53 C.J. 303–308, §§ 501–510.

"The courts of most jurisdictions are vested with large discretion in determining who shall pay the cost of receivership, and, according to the justice and equity of each case, may assess the costs of the receivership against the fund, against the applicant, or apportion them among the parties." 23 R.C.L. 106, § 116.

"While it is undoubtedly true, as stated in 15 Corpus Juris, p. 36, § 29, that 'a court of equity has power to impose costs on a party notwithstanding the fact that he is successful in the suit, if the circumstances are such as to warrant doing so,' and while the general rule is that, where a receivership proceeding is contested and a receiver is appointed and obtains possession of property under an order of the court which is afterwards reversed on appeal as unauthorized, compensation for such receiver will not be ordered paid out of the funds in the receiver's hands, and the receiver must look for his fee to the party securing his appointment * * *, yet equitable considerations create exceptions to this general rule, and the matter of assessment of costs in receivership cases against the funds in the hands of the receiver must as a practical matter rest largely in the discretion of the trial court." Fulp v. McCray, 8 Cir., supra.

"The second proposition is that, a receiver being an officer of the court, subject to its control, and not to that of the party asking for his appointment, his fees and expenses are chargeable solely against the fund which comes into his hands as receiver. The parties to the action are not personally liable therefor, unless they have given a bond or other contract to pay them as a condition of the appointment or continuance of the receiver. This may be conceded to be correct as a general rule, but there are cases where the court will, if the fund in court be insufficient to give the receiver reasonable compensation and indemnity, require the parties at whose instance he is placed in possession of the property to pay him. Johnson v. Garrett, 23 Minn. 565; Knickerbocker v. McKindley Coal & Mining Co., 67 Ill.App. 291, 293; High, Rec. § 796." Farmers' Nat. Bank v. Backus, Minn., supra.

"And when the appointment of a receiver is determined to be void, or when the fund proves insufficient, it has been held that a court in the exercise of its equity powers may compel the party who procured the receiver to be appointed to pay into court a sum sufficient to meet the expenses of the receivership. Gluck & Becker on Receivers (2d Ed.) pp. 540, 541; Smith on Receivers, pp. 587, 588; Beach on Receivers (2d Ed.) §§ 773, 774." McIntosh v. Ward, 7 Cir., supra, page 69.

"Though it is true that one who invokes without sufficient equitable grounds the administration by a receiver of the property of another may be in a proper case held accountable for the costs and expenses of the receivership and for losses which the receivership has visited upon the property, the appointment of a receiver is at last the court's appointment; the administration, its administration. [Cases.] We think it perfectly clear that in a case like this, where there was no malice nor wrongful purpose, and only an effort to conserve property in which plaintiff believed, though it did not show, it was interested, the question of its liability should be considered and adjudged from the standpoint of working as little hardship as may be, plaintiff in the end to be held liable for only the actual losses which its mistaken course has caused." W. F. Potts Son & Co. v. Cochrane, 5 Cir., supra.

scattered and deteriorated merchandise would be out of proportion to its value.

■ The weakness of the receiver's position is that he failed to notify either the appellant or the court that the assets of the receivership would be insufficient to meet expenses. When he first discovered the probable insufficiency of the assets, he should, upon notice to the appellant, have applied to the court for instructions as to whether to continue his operations at the cost of the appellant or to terminate the receivership and put an end to further expense. Such an application would have afforded the appellant an opportunity to elect whether to bear this additional expense or to consent to a termination of the receivership proceedings. If this were an ordinary operating or liquidating receivership, we would hold that the failure of the receiver to secure the sanction of the court to a continuation of the receivership after it became apparent that the assets would not be sufficient to pay the expenses, would preclude the court from making such an order as was made in this case. There is no justification for maintaining an unprofitable and futile receivership, and, ordinarily, a court may not charge the expense of such a receivership against anyone.

In referring to an operating receivership, in Wire Wheel Corporation v. Fayette Bank & Trust Co., 7 Cir., 30 F.2d 318, 320, the court said: "No receiver should continue to operate a losing business save upon the consent of the creditors and upon the order of the court after the facts showing such loss has [have] been fully disclosed to the court." In United States v. Johnson, 8 Cir., 98 F.2d 462, 466, this Court said: "When it has been demonstrated by actual experience, as in the instant case, that the business can not be conducted except at the expense of the estate, the receiver, in the exercise of reasonable prudence, is bound, we think, to discontinue operations unless otherwise specifically directed by the appointing court."

■ Because the court, in creating this temporary receivership, did exactly what the appellant asked it to do, and did it for the sole benefit of the appellant and to protect its business and good will, and because the appellant had as much knowledge as anyone about the value of these deteriorated products which the receiver was to collect and dispose of, we have, with some hesitation, reached the conclusion that the order complained of should be sustained in so far as it requires the appellant to pay the allowances made to the receiver and his attorney in excess of the balance of the receivership fund.

■ 3. However, we find nothing in the record to explain the court's failure to take into account the balance of $578.46 which the receiver was directed by the court to pay over to the Clerk of the Court. This balance, so far as we are advised, should have been considered in fixing the amount to be charged against the appellant. It therefore appears that the appellant should have been required to pay to the Clerk only $1,921.54, and not $2,500, and that, to this extent, the order entered was erroneous.

The case is remanded to the court below with directions to amend the order accordingly. As so amended, it will stand affirmed. No costs will be taxed against the appellant in this case.