DWYER et al. v. UNITED STATES, to Use of ALLENTOWN ROLLING MILLS.

(Circuit Court of Appeals, Second Circuit.    April 4, 1899.)

No. 142.

1. ACTION ON BOND—DAMAGES.
    The rule that damages in an action on a bond cannot be recovered, in excess of the penalty thereof, does not apply to the costs which plaintiff incurs by the obligor's failure to pay on demand, and subsequent defense of the action.

2. INTEREST—DEMAND.
    A summons and complaint served in an action on a bond, where the damages are unliquidated, constitute a demand sufficient to start interest running.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the circuit court, Southern district of New York, in favor of defendant in error, who was plaintiff below.   The action was on a bond conditioned to pay for labor and materials furnished in the erection of a lighthouse in Portland harbor. The cause was tried at circuit, and a verdict rendered by the jury (June 24, 1898) for $11,525.38.   Entry of judgment was suspended for nearly six months, apparently to allow defendants to prepare and serve a bill of exceptions.   This they failed to do, and judgment was entered December 17, 1898, for the amount of the verdict, $11,525.38, interest thereon from rendition to entry of judgment, $336.30, and costs, $953.32;   making in all $12,815.

Charles J. Hardy, for plaintiff in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM.   There being no bill of exceptions, the writ of error brings up only the judgment roll, and whatever questions may arise thereon.   Two assignments of error only have been presented in argument.

1. It appears that the bond was in the amount of $12,000, and defendants contend that there can be no recovery in excess of that sum.   It is well settled that no damages can be recovered in excess of the penalty named in the bond, but the costs which plaintiff is made to incur by the obligors' failure to pay on demand, and subsequent defense of the action, are within neither the letter nor the spirit of the rule.   The total amount of the recovery in this case, exclusive of costs, is $11,861.68,—a sum less than the penalty.

2. It is further suggested by plaintiff in error that a party is not entitled to interest on an unliquidated claim until after demand. The proposition is undoubtedly sound, but we fail to see its application here.   Conceding that the plaintiff's demand was unliquidated, it appears that the verdict was "for the plaintiff for $10,-924$^{56}$/$_{100}$, with interest from July 16, 1897, amounting to $600$^{88}$/$_{100}$, making a total of $11,525$^{38}$/$_{100}$."   It further appears that the summons and complaint were served on July 16, 1897.   This was certainly a demand sufficient to set interest running.   The judgment is affirmed.