THE STATE OF DELAWARE, to the use of VIVIAN WILLCOX MILLS, and MILDRED WILLCOX McCOMB, the sole heirs-at-law of CHARLES J. WILLCOX and LUCY TUBBS WILLCOX, both deceased,

*vs.*

MARSHALL E. BIRKINS and ANTHONY J. BOSCO, co-partners, doing business as STEELMAN AND BIRKINS, of 60 Broad Street, New York City, New York, as Principal, and GREAT AMERICAN INDEMNITY COMPANY, a corporation of the State of New York, as Surety.

*New Castle, March 1, 1951.*

*John S. Walker* and *Frank J. Miller*, Wilmington, for plaintiffs.

*Stewart Lynch* and *Florence E. Freeman*, Wilmington, for defendant bonding company.

SEITZ, Vice Chancellor: The sole question presented is the right of successful plaintiffs to recover reasonable attorneys' fees under the terms of a lost securities bond.

The case arises in this way. Money due some 28 stockholders, *inter alia*, in a receivership liquidation was deposited to their credit in the Farmers Bank. Subsequently an alleged assignee of those 28 stockholders applied to the court for payment of the money. The assignee was required to file a lost instrument bond because the stock certificates were allegedly lost. The penalty clause in the bond equals the aggregate of those separate amounts. Later two of the original stockholders—the plaintiffs here— sought to recover the money due them on the ground that they had not assigned their interests. Plaintiffs brought suit to recover under the bond. The bonding company

concedes their right to recover the principal amount due. It denies that its liability includes attorneys' fees. Its arguments may be summarized as follows:

(1)   Since the payment of attorneys' fees would result in payments in excess of the penalty in the bond, they are not recoverable.

(2)   Absent statutory language or specific language in the bond, the surety is not obligated to pay attorneys' fees.

(3)   Under *Revised Code of Delaware* 1935 *Paragraph* 4682, plaintiffs cannot recover attorneys' fees because express provision therefor is not made in the bond.

Plaintiffs naturally take issue with all three of defendant's contentions.

Before analyzing the import of the quoted language of the bond, it is important to consider one other matter. One fact stands out very strongly in my mind. The bond in question was given in an amount which covers only the aggregate of the principal amounts due the 28 stockholders whose money was paid out on the application of the alleged assignee. Plaintiffs argue in effect that we are not here concerned with a case where recovery will be in an amount in excess of the penalty clause in the bond since, they point out, the total of their claims including the amount of attorneys' fees requested does not exceed the amount in the penalty clause. Such a contention, if accepted, would mean that the bond was not in fact given for the protection of the principal amounts due all 28 stockholders unless it also be assumed that the bonding company is liable beyond the amount of the penalty clause. There is no equitable basis for a "first come, first served" approach to this construction problem.

I therefore conclude that plaintiffs are not entitled to recover for attorneys' fees unless the bonding company is liable beyond the amount provided in the penalty clause.

My conclusion naturally leads me to the next important

question: Under the terms of this bond, can successful plaintiffs recover attorneys' fees when such a recovery would necessarily exceed the amount of the penalty?

The bond here involved, insofar as pertinent, provides:

"This is in all respects a joint and several obligation and is for the benefit of each and all of the Obligees named or referred to herein, with the right of each of such Obligees severally to sue hereon in his own name and recover hereunder to the extent of any damage suffered by him under the conditions hereof.

\* \* \* \* \* \*

"Now Therefore, the Condition of This Obligation is Such, that if the said Principal shall well and truly indemnify and keep indemnified each and all of the Obligees named herein, jointly and severally, from and against any and all loss, costs and expenses of whatsoever kind or nature by reason of the payment to the Principal of the aggregate amount due to the individuals, firms or corporations whose names appear in the left hand column of the said Schedule hereto attached, and the amounts due to whom, respectively, are set forth in the right hand column of said Schedule, without the presentation by the Principal, for cancellation, of the stock certificates and/or receipts evidencing the claims of such individuals, firms or corporations as stockholders and/or partly paid stockholders of Commonwealth Hotel Construction Corporation, then this obligation shall be null and void; otherwise to be and remain in full force and effect.

\* \* \* \* \* \*

"Provided, However, that this bond is executed upon the following express conditions:

"(1) That the Surety shall be liable only for the aggregate of the actual financial losses suffered severally by the Obligees herein whose names appear in the left hand column of the Schedule hereto attached, by reason of the payment unto the Principal of said aggregate amount without the presentation for cancellation by the Principal of said stock certificates and/or receipts.

"(2) Each of said Obligees, other than the State of Delaware, shall have the right to sue and recover, in his own name, from the Surety the amount of his loss respectively, if the same has not been recovered by the State of Delaware for his use; and the State of Delaware shall have the right to sue and recover from the Surety for the use of any one or more or all of the other Obligees for whom recovery has not been had."

If attorneys' fees are recoverable at all, they are recoverable only if the words "costs and expenses" in the bond include attorneys' fees. But as I have construed the bond, "costs and expenses" can only be recovered if the surety is liable beyond the penalty.

■ I conclude that "costs and expenses" are recoverable under the language of the bond itself although they are not within the limit of the penalty clause. I say this because the provision to pay costs and expenses is meaningless otherwise. This is so because the amount of the penalty clause is limited to the aggregate of the principal sums due the various stockholders. Costs and expenses can be paid only if the penalty clause is exceeded. Having obligated itself to pay them the surety cannot escape that obligation by pointing to the penalty clause or to other language in the bond which is less clear. This instrument was concededly drawn by the surety. My conclusion also finds support in the distinction drawn in some cases in this situation between damages and costs. Compare *Dwyer v. U. S.*, (2 *Cir.*) 93 *F.* 616.

The next question presented is whether attorneys' fees are covered by the words "loss, damages, costs and expenses" as those terms are employed in the bond. I have no hesitancy here in concluding that attorneys' fees are not "damages" or "loss" under the terms of this bond. But do attorneys' fees fairly come within the language "costs and expenses" as those terms are employed in the bond? Immediately we note that "costs and expenses" are used in addition to "loss" so that it may fairly be said to have been used to refer to items of liability other than "loss" or "damage". The tendency in the American law seems to have been against the inclusion of attorneys' fees as an element of costs and expenses unless a fairly explicit provision including them can be found in the instrument involved or in an applicable statute. 50 *Am. Jur. Suretyship*, § 218. Admittedly there is no language in any perti-

nent statute or in the present bond which explicitly embraces attorneys' fees.

■ It seems to me, however, that a realistic evaluation of the situation covered by this type of bond in this type of case fairly compels a construction of the language "costs and expenses" to include reasonable attorneys' fees. Compare *Brill v. Southerland*, 30 *Del. Ch.* 467, 14 *A.* 2*d* 408. What do I mean? Here was money on deposit for a person's benefit. Without any action or responsibility on his part some other party is permitted to take such money. The inducement to procure the court's consent to the payment is an agreement by a surety that it will save the original owner harmless in the event it is satisfactorily shown that he is still entitled to the money. When the surety resists the claim, the original owner must, realistically speaking, employ an attorney to maintain an action on the bond. While other items may be recoverable under "costs and expenses", one really substantial item must in this type of case be the attorney's fee. This fact should be within the knowledge of the surety company. Here the defendant has forced the plaintiffs to employ an attorney in order to vindicate his right to have the money. In such a situation it seems reasonable to me to require the surety to reimburse him for the attorney's fees incurred by virtue of the company's wrongful refusal to pay the claim. I conclude that reasonable attorneys' fees are recoverable in this case under the terms of the bond.

Finally, the bonding company argues that *Paragraph* 4682 of the 1935 *Code* precludes the granting of attorneys' fees here. That paragraph provides:

"In all causes of action, suits, matters or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, or other instrument of writing, if the plaintiff or lien holder in said action, suit or proceeding shall recover judgment in any sum, he shall also be entitled to recover reasonable counsel fees, which shall be entered as a part of the decree or judgment in said action, suit or proceeding; providing, however, that such counsel fees shall not in any such action, suit, or proceeding, exceed five percentum of the

amount decreed for principal and interest; and further provided, that such counsel fees shall not be entered as a part of such decree or judgment, unless the note, bond, mortgage or other instrument of writing sued upon shall, by the terms thereof expressly provide for the payment and allowance thereof, except in the cases of mechanics liens in which no express agreement shall be necessary in order to entitle the lien holder to his reasonable counsel fees."

■ ■ While the language appears at first blush to be of an all-embracing nature, I believe that it was not intended to have any application to a bond of the type here involved. A moment's reflection will reveal the obvious inappropriateness of the statute here. Thus the statute limits attorneys' fees to a maximum of 5%. In the average lost certificate case in a receivership proceeding, the sum involved, as here, is so small that an attorney's fees of 5% would be but a token payment. The nature of the matters mentioned in the statute indicate that it is concerned primarily, if not exclusively, with real estate transactions and the elimination of abuses connected therewith. Its general language must be considered in the light of its purpose. I conclude that the statute does not encompass this type of judicial bond.

I conclude that plaintiffs may recover reasonable attorneys' fees and that the allowance of such fees will not impair the bond obligation to the other stockholders for whose benefit the bond was required.

Order on notice.

Affirmed on appeal. See *Great American Indemnity Co. vs. The State of Delaware, post* p. 562, 88 *A.* 2d 426.