LIEBMAN AND COMPANY, Proposed Intervenor, Appellant,

v.

INSTITUTIONAL INVESTORS TRUST, a Massachusetts Business Trust, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted July 26, 1979.

Decided Aug. 27, 1979.

William J. Wier, Jr., of Bader, Dorsey & Kreshtool, Wilmington, for proposed intervenor-appellant.

William H. Sudell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

PER CURIAM:

This appeal is from an order of the Court of Chancery denying a motion to intervene and terminating a corporate receivership.

The underlying dispute involves a rental property in Newark, Delaware. Liebman and Company (Liebman) is a tenant of the property on which Institutional Investors Trust (Investors) holds a second mortgage given by Chapel Main Corp.; the latter company conveyed the property (subject to the mortgage) to the present owner (and Liebman's landlord), Chapelmain Associates (Chapelmain).

Chapelmain (and Chapel Main Corp.) defaulted on the mortgage payments and Investors began foreclosure proceedings; judgment of foreclosure was entered and the property was sold at a Sheriff's sale in March, 1979. Prior to the sale, however, Chapelmain had abandoned the property, thereby jeopardizing the interests of the tenants who were without maintenance and utility services. When that occurred, Investors applied to the Chancellor for appointment of a temporary receiver to protect the property.

On February 21, 1979, the Court of Chancery appointed a receiver *pendente lite* for the real property owned by Chapelmain on the basis of allegations that it had, in effect, abandoned them and there was danger that the properties would be without heating oil during a period of frigid weather.[1]

1. The Chancellor stated quite plainly that the only reason he "named a receiver was because there was a desperate situation".

Liebman filed a motion to intervene in the proceedings, but the Court refused to permit it to become a party and, on application of plaintiff, terminated the receivership on April 30, 1979.

Liebman has appealed, arguing that its motion to intervene was improperly denied and that the receivership was improperly terminated. Plaintiff has filed a motion under Rule 25(a) to affirm the judgment on the ground that it is manifest on the face of Liebman's brief that the appeal is without merit.[2]

■ The appointment of a receiver *pendente lite* is discretionary with the Court, *Brill v. Southerland*, Del.Supr., 14 A.2d 408, 413 (1940), see Chancery Rule 149, and so is a decision to continue or to terminate such a receivership. 75 C.J.S., *Receivers* § 92.

■ We have reviewed the record and concluded that the Chancellor did not abuse his discretion, under the facts of this case, in terminating the receivership. It is apparent that the Chancellor viewed the receivership as necessary for a limited purpose and, when that had been accomplished, he concluded that Court intervention should end. We do not find any basis for reversing the judgment. The Court's order was entered, of course, without prejudice to any legal or equitable right which Liebman may have independent of this proceeding. It follows that plaintiff's motion under Rule 25(a) should be granted.

The judgment of the Court of Chancery is affirmed.

**2.** Rule 25(a) provides in part:

"Within 10 days after receipt of appellant's opening brief, appellee may, in lieu of a brief, serve and file a motion to affirm the judgment or order of the trial court. The filing of the motion tolls the time for filing of appellee's brief. The sole ground for such motion shall be that it is manifest on the face of appellant's brief that the appeal is without merit because:

(i) The issue on appeal is clearly controlled by settled Delaware law;

(ii) The issue on appeal is factual and clearly there is sufficient evidence to support the jury verdict or findings of fact below; or

(iii) The issue on appeal is one of judicial discretion and clearly there was no abuse of discretion."