ANNA BUSHMAN, RUTH BUSHMAN, ANNA BUSHMAN, Curatrix for FREDERICK PEPER BUSHMAN, and ANNA BUSHMAN, Administratrix of Estate of CHRISTIAN PEPER BUSHMAN, v. ESTELLE PEPER BUSHMAN BARLOW, Appellant.

AND

CHRISTIAN PEPER. Defendant, v. L. FRANK OTTOFY, Respondent.— 40 S. W. (2d) 637.)

Division One, June 24, 1931.

*Chas. J. Macauley, Harry H. Haeussler* and *Foristel, Mudd, Blair & Habenicht* for appellant.

92

*Conway Elder* and *Jones, Hocker, Sullivan & Angert* for respondent.

GANTT, P. J.—This case came to me on reassignment. Defendant appealed from the decision of the court on her exceptions to the reports of the receiver in charge of property pending the litigation. The amount in dispute is about $14,000.

In Bushman et al. v. Bushman et al., 311 Mo. 551, 279 S. W. 123, we held that the petition on which the appointment of the receiver was based did not state a cause of action. Therefore, we directed the court to set aside the order making the appointment. The court complied with our mandate, and ordered the receiver to file a complete report in said cause showing all moneys received and disbursed by him during the time of the receivership. The receiver complied with this order by filing his sixth and final report. Thereupon the defendant filed exceptions to the first, second, third, fourth, fifth and sixth reports of the receiver. On a hearing the court in a memorandum opinion ruled the questions presented by the exceptions to said reports. Judgment was entered in accordance with the opinion. As stated, defendant appealed from said judgment.

In this connection it should be noted that as a result of clerical error, the judgment does not conform to the ruling of the court on the thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth and nineteenth exceptions. This error is not material on this review and is mentioned as indicating that it was not overlooked.

The receiver moves to dismiss the appeal. He contends that the decision on the exceptions to said reports is not an appealable judgment. The rule is stated by standard texts as follows:

"Where a receiver's account is in the nature of a final account, an order approving or disapproving it is in the

nature of a final judgment and will give the right of appeal to a person aggrieved by it," citing Chapman v. Atlantic Trust Co., 119 Fed. 257; Shannon v. Shepard Mfg. Co., 230 Mass. 224; E. Martin & Co. v. Kirby, 34 Nev. 205. [Smith on Receivers (2 Ed.) sec. 808.]

"So the parties to the cause in which he is appointed, and who are interested in the fund in his hands, may appeal from a final decree settling the receiver's accounts. And where a receiver's account embraces every transaction in his trust relation and covers the entire period for which he was originally appointed, an order settling his accounts is final and therefore appealable at the instance of the party in interest and this is so although he has, by a subsequent order, been continued in his trust," citing Saulsbury v. Coal, Iron & Railroad Co., 110 Ala. 591. [High on Receivers, sec. 819b, p. 972.]

"A final judgment or decree has been said to be one which disposes of the cause or of a distinct branch thereof, reserving no further question or directions for future determination." [1 Freeman on Judgments, sec. 22.]

Moreover, it is provided by statute as follows:

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from . . . any final judgment in the case." [Sec. 1018, R. S. 1929.]

This section was considered by the St. Louis Court of Appeals in Bank & Trust Co. v. Siefert et al., 18 S. W. (2d) 572. It was there held that the words "any final judgment" did not limit the right of an appeal to the last judgment in the case. Had the Legislature so intended, it would have used the word "the" instead of the word "any."

In the instant case the receiver did not file a complete report, as directed by the court, showing all moneys received and disbursed by him during the receivership. He filed a sixth and final report. The court treated this report with the five previous reports as a complete and final report. It was assumed that those reports embraced every transaction in the receiver's trust relation and covered the entire period of his receivership. On issues presented by the exceptions of defendant to items of this complete report, and on issues presented by items with which defendant claimed the receiver should have charged himself, the court adjudicated the controversy between defendant and receiver. After judgment the receiver could pay or appeal. We think the judgment was final within the meaning of Section 1018, Revised Statutes 1929.

He also contends the appeal should be dismissed for the reason the abstract does not contain all the evidence. He did not favor us with an additional abstract as authorized by Section 1028, Revised Statutes 1929. On examination we find the abstract

is sufficient to permit a review of the questions presented. The motion is overruled.

■ He next contends, and the trial court ruled, that certain orders allowing the receiver to appropriate money from the trust fund in payment of receiver's and attorney's services were "final and *res judicata*," for the reason no appeal was taken by defendant from said orders during the term at which they were entered. Those orders were made pending the appeal of defendant from the order of the court overruling defendant's motion to set aside the order appointing the receiver.

How could said orders be final when they were entered before our decision on the order of the court appointing the receiver? A determination of that question might determine the validity of said orders. We do not think a party is required during a receivership to appeal from each order entered therein by the court. The rule is stated as follows:

"Concerning the receiver's final accounting and report this has been said: 'The proper practice . . . is for the court, after it has reached its conclusion, to order the receiver to account, on notice to all parties interested; and upon such accounting all questions can be settled, and the findings of fact and conclusions of law relating to such matter can be embodied in the decision of the court upon the merits of the action. . . . The final decree should settle what compensation the receiver is to have, what expenditures he shall be reimbursed for, how he shall be paid, whether out of the funds in his hands, or by one of the parties to the action.' " [Beach on Receivers (Anderson's Ed.) 1897, p. 798.] The contention is overruled.

We next consider the decision of the court on the expense items of the receivership submitted in the reports of the receiver for allowance from the trust fund. The court allowed certain items for compensation to the receiver for services, for compensation to his attorneys and for expenses of the receivership, all to be taken from the trust fund in the possession of the receiver. Defendant challenges the allowance of those items. She concedes that the trust fund should be charged with items of expense that would have been necessary if the property had not been taken from her under the receivership; that is, the expense of taxes, insurance, water service, necessary repairs, etc. Such expenses are chargeable to the property.

We reviewed the action of the court appointing a receiver in this case and held that the order was wrongfully made on an application adverse to defendant and in a proceeding wrongfully instituted. [Bushman et al. v. Bushman, 311 Mo. 551, 279 S. W. 122; Bushman et al. v. Barlow, 15 S. W. (2d) 329; Bushman v. Barlow, 316 Mo. 916, 292 S. W. 1039.]

The appointment having been without justification, defendant contends that no expense of the receivership should be taxed against the trust fund. In other words, that compensation for the receiver, compensation for his attorneys, receiver's bond, notary fees, court costs and all other expenses of the receivership, including commissions for collecting rent (unless it is shown that she would have engaged the services of an agent to collect rent if a receiver had not been appointed) should not be so taxed. The applicable rule is stated as follows:

"We are referred to authorities which hold that as a general rule the receiver is entitled to his pay out of the funds in his hands regardless of what final judgment *on the merits* of the case may be, and we are prepared to accept that as a general rule, with the qualification we have hereinabove mentioned. But we have not been pointed to any authority which holds that, where there was absolutely no justification in the act appointing a receiver and the act was in its nature to the injury of the defendant, he should nevertheless pay for the injury that was done him, and if there are such authorities we do not care to see them." [State ex inf. v. Bank, 197 Mo. 605, l. c. 613, 95 S. W. 867.]

To the same effect, State ex rel. v. Thomas, 249 Mo. 103, l. c. 109, 155 S. W. 401; City of St. Louis v. Laclede Gas Light Co., 11 Mo. App. 237; Beach on Receivers (Anderson's Ed.) sec. 119, p. 311. Furthermore, it is provided by statute as follows:

"The court shall allow such receiver such compensation for his services and expenses as may be reasonable and just, and cause the same to be taxed as costs, and paid as other costs in the cause." [Sec. 1000, R. S. 1929.]

It follows that the expense of this receivership should be taxed as costs in the case. And the expense of the receivership includes the commissions for collecting rent, unless it is shown that defendant would have engaged an agent for that purpose, if a receiver had not been appointed. The receiver should be required to file a final report, charging himself with all moneys received by him as receiver from the time of his appointment to the time of the order vacating his appointment. He should be allowed to take credit for only such moneys as were lawfully paid out of the trust fund, and he should be charged with the legal rate of interest on the moneys, if any, wrongfully taken by him from said fund from the time said moneys were taken until returned to said fund.

The judgment is reversed and the cause remanded with directions to proceed in accordance with the views herein expressed. All concur.