**LAWRENCE COUNTY, on Behalf of TUNNELL et al.**

**v.**

**JOHNSON et al.**

**No. 44074.**

Supreme Court of Missouri.

Division No. 2.

June 14, 1954.

Appelquist & Hobson, Mt. Vernon, for appellants.

J. Hal Moore, Aurora, for respondent.

WESTHUES, Commissioner.

Plaintiff County of Lawrence filed in the circuit court of the county a petition in condemnation to establish a roadway over defendants' land. Defendants filed a motion to dismiss the petition which was overruled by the trial court and defendants appealed.

We have concluded that there is no final judgment in this case and therefore the appeal is premature.

On the briefs, the caption of the case reads, "County of Lawrence, State of Missouri, On Behalf of Petitioners, W. E. Tunnell et al, Respondents v. Wren Johnson, Venton Johnson, and Neilly Hope, Appellants." The amended petition filed August 26, 1953, commences as follows: "Now comes plaintiff, County of Lawrence, State of Missouri, and respectfully states: * * *." Nowhere in the petition do we find any allegation that the petition was filed on behalf of any persons, so we treat the case as though the petition was filed by the county in its own behalf.

The defendants Wren Johnson and Venton Johnson were alleged to be the owners of one tract of land and defendant Hope the owner of another tract—which tracts were to be traversed by the proposed roadway.

The motion to dismiss presented a number of issues to be decided which do not appear upon the face of the petition. For example: "9. That the proposed road is not in fact for public use, but that in truth and in fact the parties initiating this condemnation action are attempting to establish a way for their private convenience and use."

In the case of State ex rel. State Highway Commission v. Curtis, 359 Mo. 402, 222 S.W.2d 64, loc. cit. 68(9), this court en banc said, "In determining the question of 'public use,' when that question is properly raised, a court may inquire into whether the public purpose stated is the real purpose or merely a sham." On that same page, Syl. (5–7), the court said, "The Commission must comply with the statutes which it did in this case by filing its petition and plans showing its decision to appropriate certain described land for certain purposes, to wit, for the construction of an extension to an existing state highway. That is an allegation that all the land is being taken for a public use and, while the allegation does not prove itself, Kansas City v. Hyde, 196 Mo. 498, 96 S.W. 201,

7 L.R.A.,N.S., 639, 113 Am.St.Rep. 766; City of Kirkwood v. Venable, 351 Mo. 460, 173 S.W.2d 8, it certainly does not authorize the respondent judge to hold, without evidence, that an indefinite and undescribed portion of the land is being taken for a non-public use."

So, in this case, the question of whether the taking of the defendants' land is for a public or private use presents an issue that cannot be decided without evidence. A county has authority to condemn land for a public roadway. Section 49.300 RSMo 1949, V.A.M.S. The defendants say the land sought to be condemned lies within a special road district and, therefore, the special road district and not the county has authority to condemn land for road purposes. That question cannot be decided on the record before us for the reason that it was not shown that the land was within a special road district. In the motion to dismiss, other issues were presented, the nature of which need not be discussed except to say that evidence would be required for a decision.

■ Appeals may only be taken when the right to do so is authorized by statute. We do not find any authority in Section 512.020, RSMo 1949, V.A.M.S., for an appeal from the overruling of a motion to dismiss a petition in a condemnation suit.

■ During the oral argument of this case, the attorneys were requested by the court to file suggestions in support of the right to take an appeal in this case. The cases of Bushman v. Barlow, 328 Mo. 90, 40 S.W.2d 637, and Hooper v. Wineland, Mo.App., 131 S.W.2d 232, were cited. In the Bushman case, this court noted that the trial court treated the reports of the receiver having control of the property as final and complete and the court entered judgment adjudicating the interests of the parties. That was a final judgment disposing of all issues in the case affecting the rights of the parties. Likewise in Hooper v. Wineland, the court held the judgment appealed from fully decided and disposed of all issues presented and left no further questions to be litigated. In the

case before us, it is apparent that all issues in the case were not and cannot be decided at this time. In the case of Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596, loc. cit. 597 (1–4), we said, "Unquestionably, it is the general rule that for the purposes of an appeal a judgment must be a final judgment and to be final the judgment must dispose of all parties and all issues in the case and failing in this respect an appeal is premature and subject to dismissal. Section 512.020 RSMo 1949, V.A.M.S.; [V.A.M.S.] Supreme Court [Rules,] rule 3.24; Deeds v. Foster, Mo. Sup., 235 S.W.2d 262; * * *."

The appeal in this case is hereby dismissed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the Court.

LEEDY, Acting P. J., and ANDERSON and BROADDUS, Special Judges, concur.