Carl K. HAHN, Respondent,

v.

Corinne F. HAHN, Appellant.

No. 22243.

Kansas City Court of Appeals. Missouri.

Feb. 9, 1956.

S. Cedric Siegfried, Independence, Walter A. Raymond, Kansas City, for appellant.

David W. Barry, Eugene G. Wetzel, Meyer, Smith, Wetzel & Barry, Kansas City, for respondent.

PER CURIAM.

Defendant states in her motion that this court held, in the original opinion, 287 S.W.2d 337, that "where the undis-puted record and evidence shows a separate trial of the issues of defendant's cross action was had to the court without a jury by agreement between the parties, their counsel and the court and a separate judgment entered, it is not an appealable order because the trial court did not enter a formal order for separate trial of the cross action and did not label the judgment a separate judgment, although it is final in form", and that this "holding" is in conflict with Mothershead v. Milfeld, 361 Mo. 704, 236 S.W.2d 343, 344, where the court said:

"By stipulation of the parties the action was tried upon Count I of the petition, it being agreed that the issues of Counts II and III might be tried at a later time. The trial court found the issues of Count I in favor of plaintiff and rendered judgment accordingly, from which judgment defendants have appealed.

"Although the trial court did not specifically order a separate judgment upon the separate trial of the issues of the claim as stated in Count I of plaintiff's petition, yet, by stipulation of the parties, tacitly approved by the trial court, the issues of the claim stated in Count I were separately tried, a separate judgment was entered, and a motion for a new trial was filed and overruled and this appeal perfected. We may consider the separate judgment entered on Count I of plaintiff's petition to have been a final judgment as if specifically ordered for the purposes of an appeal within the meaning of Section 126, Civil Code of Missouri, Laws of Missouri 1943, p. 353, at page 390, Mo.R.S.A. § 847.126 [V.A.M.S. § 512.020]; and Supreme Court Rule 3.29 [42 V.A.M.S.]."

There is no merit in defendant's contention. Our opinion does not hold that the judgment in question was not an appealable judgment "because the trial court did not enter a formal order for separate trial of the cross action and did not label the judgment a separate judgment"; and

the opinion contains no statement to the effect that the record "shows a separate trial of the issues of defendant's cross action was had to the court without a jury by agreement between the parties, their counsel and the court". Furthermore, the original opinion does not conflict with the Mothershead case; for there is nothing in the record before us to show that the parties agreed orally or in writing that defendant's cross action or counterclaim be tried separately. As stated in the opinion, no order for a separate trial on defendant's cross action or counterclaim was made or requested, and there was no separate trial on the merits thereof.

Defendant also contends that our opinion conflicts with the following cases: Caruthersville School Dist. No. 18 v. Lat-

shaw, 360 Mo. 1211, 233 S.W.2d 6, 11; Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614, 616; Bushman v. Barlow, 328 Mo. 90, 40 S.W. 2d 637, 638; Loveland v. Jungbluth, Mo. App., 226 S.W. 46, 48; J. M. Hays Wood Products Co. v. Simmons Saddlery Co., 213 Mo.App. 434, 255 S.W. 973, 976. The last two cases were decided by the St. Louis Court of Appeals. We do not deem it necessary to review these cases here. It is sufficient to say that they are distinguishable on the facts, and that we find no conflict between our opinion and the opinions in the cases cited.

The motion for rehearing or, in the alternative, to transfer to the Supreme Court, is overruled.

All concur.